86    173<br>32 SC ²310

# Haskell *et al. versus* Jones.

1. The Act of April 12th 1872, regulating the execution and transfer of notes given for patent rights, is not in conflict with art. 1, sect. 8, of the Constitution of the United States.

2. The Act of 1872 requires that the words "given for a patent right" shall be legibly written across the face of notes so given. *Held*, that the negotiability of a note, given for such a consideration, in which these required words are not inserted, is in no way affected by the act, and an innocent holder who takes it before maturity for value, without knowledge or notice of the consideration, takes it clear of all the equities between the original parties.

January 28th 1878.    Before AGNEW C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of January Term 1878, No. 73½.

Assumpsit by Jacob M. Haskell and Charles M. Adams, trading as Haskell & Adams, against Jesse E. Jones, upon a promissory note, drawn by the defendant to the order of Patton & Baldwin, and by them endorsed to plaintiffs. Defendant pleaded non-assumpsit. The trial resulted in a verdict for the plaintiffs, subject to the opinion of the court on the point reserved, as to whether the plaintiffs were entitled to recover upon the following facts, which were agreed upon :—

That the plaintiffs are residents and citizens of Massachusetts ; that they are the holders of the note in suit for value ; that it was received by them in the regular course of business and before maturity ; that they had no notice of the consideration for which the note was given, and were ignorant of the Act of Assembly of Pennsylvania, approved April 12th 1872 ; that the defendants gave the note in suit to Patton & Baldwin, the payees, and that part of the

[Haskell *v.* Jones.]

consideration for the note was the right to make, use or vend a patent invention; that the words "given for a patent right" were not written or printed on the face of the note.

The following is the Act of 1872, Pamph. L. 60, referred to above:—

"If any person shall take, sell or transfer any promissory note or other negotiable instrument, not having the words 'given for a patent right' written or printed legibly and prominently on the face of such note or instrument above the signature thereto, knowing the consideration of such note or instrument to consist, in whole or in part, of the right to make, use or vend any patent invention or inventions, claimed to be patented, every such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not exceeding five hundred dollars, or imprisonment in the county jail not exceeding sixty days, or both, in the discretion of the court."

The court below entered judgment for the defendant on the point reserved *non obstante veredicto*, and the plaintiff then took this writ, assigning this entry for error.

*Lewis Waln Smith*, for plaintiffs in error.—The Act of 12th April 1872 is in conflict with the eighth section, article 1, of the Constitution of the United States. Powers conferred on Congress under the Constitution are thereby exclusively vested in Congress, and, consequently, forbidden to the states: Brown *v.* State of Maryland, 12 Wheat. 419; Willson *v.* The Blackbird Creek Co., 2 Peters 245; Gibbons *v.* Ogden, 9 Wheat. 1; New York *v.* Miln, 11 Peters 102; Passenger Cases, 7 Howard 203; Cooley *v.* Board of Wardens, 12 Id. 311; Gilman *v.* Philadelphia, 3 Wall. 713; State Taxes Cases, 15 Id. 232, 284 and 300.

The power is given to Congress to grant patents, and the Act of 1872, when it undertakes to prescribe how a patent can be used, sold or vended, and takes away from notes given for a patent right their negotiability under the law of commerce, and provides severe penalties for any patentee who shall venture to take a negotiable promissory note as part of the price of his patent, interferes with this power.

Laws identical in purpose, and almost identical in words, were passed not only by Pennsylvania, but also by Ohio, Indiana, Illinois, Michigan and Minnesota; and except Pennsylvania in all of those states have been declared unconstitutional and void: Woollen *v.* Banker (Ohio), Am. L. Rec. 1877, 236; Ex parte Robinson, 2 Bissell 311; Cranson *v.* Smith (Mich.) Albany Law Jour. 1877, 330; Crittenden *v.* White (Minn.) 9 Chicago Leg. News 112; Patterson *v.* Commonwealth, 11 Bush. 311. In this case the note in question does not fall within the law. The negotiable character of the instrument is only taken away when the words "given for

[Haskell v. Jones.]

a patent right" are written or printed on its face. An innocent purchaser for value cannot be affected by the act.

*Edwin S. Dixon*, for defendant in error.—The fallacy of the argument of the plaintiff in error consists in his treating the Act of 1872 as undertaking to prescribe how a patent can be used or sold, when it simply regulates, as the title implies, the execution and transfer of notes given for patent rights. The acts of other states upon which the rulings in the cases cited by plaintiff in error are based, are plainly distinguishable from our act.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 25th 1878.

If the act entitled " An Act to regulate the execution and transfer of notes given for patent rights," passed April 12th 1872, Pamph. L. 60, makes absolutely void all such notes in which the words " given for a patent right" are not prominently and legibly written or printed on the face of such note above the signature thereto, there would be great reason for the contention that the act. is unconstitutional and void. No state can so interfere with the right of a patentee, secured to him by the'Acts of Congress, to sell and assign his patent. But such is not the operation of the act, according to its letter and spirit. By the express provision of the statute, the only effect of the insertion of such words is that " such note or instrument in the hands of the purchaser or holder shall be subject to the same defences as if in the hands of the original owner or holder." By necessary implication, notes without such words inserted in them remain on the same footing as before the act. The sole object of the legislature was to secure, so far as could be done consistently with the rights of innocent third persons, that notice of the consideration should be given to all who should take the paper. Nothing is better settled than that between the original parties to a note given for a patent right, it is a good defence to show that the alleged patent is void; in other words, that it is no patent right at all, and that the consideration has therefore entirely failed : Bellas v. Hays, 5 S. & R. 427 ; Geiger v. Cook, 3 W. & S. 266 ; Holliday v. Rheem, 6 Harris 465. All who take with notice of the consideration, take necessarily subject to the same defence. There is nothing in all this which interferes with any just right of the holder of a valid patent under the Acts of Congress, nor that the maker of the note shall be permitted to show against a holder with such notice that it was obtained by fraudulent misrepresentation. This very plainly distinguishes our act from the statutes of other states, which have been held unconstitutional.

To secure the insertion of these words, the second section of the act makes it a misdemeanor, punishable by fine or imprisonment or

[Haskell *v.* Jones.]

both, for any person "knowing the consideration of a note" to be the sale of a patent right, to take, sell or transfer it without the words "given for a patent right" inserted, as provided by the act. It is too plain for argument that this section in no way affects the right or title of the holder of such a note, who takes it not knowing that the consideration was the sale of a patent. He commits no illegal or indictable offence. The negotiability of a note in which the required words are not inserted, is in no way affected by the act. The innocent holder, who takes it before maturity for value, without knowledge or notice of the consideration, takes it as heretofore, clear of all equities between the original parties. We think, therefore, that the court below were clearly wrong in entering judgment *non obstante veredicto* on the reserved point in favor of the defendant.

> Judgment reversed, and now judgment for the plaintiff upon the verdict. ·