## FRANK L. HERDIC, APPELLANT, *v.* CHARLES ROESSLER, RESPONDENT.

*Constitutional law — the legislature may require notes given for a patent right to state that fact and may destroy their negotiable character.*

Chapter 65 of 1877, providing that any promissory note or other negotiable instrument, the consideration of which consists in whole or in part of the right to make, use or vend, any patent invention or inventions claimed or represented by the vendor at the time of the sale to be patented, shall contain the words " given for a patent right," prominently written or printed on its face above the signature, and that such instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder, is constitutional and valid.

*Woolen* v. *Banker* (17 Alb. L. J., 72) not followed.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

This action was brought upon a negotiable promissory note, made by the defendant for the sum of $500, dated the 21st day of December, 1881, at the city of Buffalo, and made payable at a bank in that place to the order of Peter Herdic. The plaintiff's evidence tended to show that he purchased the note, before its maturity, in the State of Pennsylvania, paying therefor a valuable consideration. The consideration of the note was the sale of an interest in a patent right by the payee to the maker. The negotiations and contract were made and completed in the city of Buffalo. The defendant gave evidence tending to prove that the plaintiff received the note from the payee under an arrangement that it should be applied upon a precedent debt which the former owed the latter, and that no present consideration was advanced at the time of the transfer. The defense interposed was based upon the allegation that in the sale and transfer of the interest in the patent right the maker of the note was cheated and defrauded by the payee, and the maker gave evidence tending to establish the same. There was no written memorandum on the face of the note that it was " given for a patent right," as required by chapter 65 of the Laws of the State of New York of 1877. The defendant also gave evidence tending to show that the plaintiff knew when he purchased the note that the considera-

tion therefor was the sale of an interest in the payee's patent right to the maker of the note. The defendant gave in evidence a statute of the State of Pennsylvania relative to promissory notes given for a patent right, the first paragraph of which is as follows: " Whenever any promissory note or other negotiable instrument shall be given, the consideration for which shall consist, in whole or in part, of the right to make, use or vend any patent invention or inventions claimed to be patented, the words ' given for a patent right' shall be prominently written or printed on the face of such note or instrument above the signature thereof, and such a note or instrument, in the hands of any purchaser or holder, shall be subject to the same defenses as in the hands of the original owner or holder." There is also provision in the same act making it a misdemeanor for any person to take, sell or transfer any promissory note or negotiable instrument not having the words before mentioned written or printed legibly on the face of the instrument, knowing the consideration of such note or instrument to consist, in whole or in part, of the right to make, use or vend any patent invention or inventions claimed to be patented. (See Laws of 1872, No. 47.) The verdict was for the defendant, upon which judgment was entered for costs, from which the plaintiff appeals.

*F. C. White*, for the appellant.

*Frank Brundage*, for the respondent.

BARKER, J.:

Many of the legal questions discussed on the argument are not presented by any exceptions taken by the appellant, the same will be for that reason passed unnoticed.

The refusal of the court to order a verdict in the plaintiff's favor was not error, for the reason that the evidence tended to prove that the consideration of the note had failed; and that the plaintiff received the note from the hands of the payee to be applied upon an antecedent debt owing by the latter to the former. If the charge of fraud was maintained to the satisfaction of the jury, and the jury were also satisfied that the note was transferred to the plaintiff as payment upon a precedent debt, then a good and perfect defense was established by the rules of the common law. In such a case the indorsee occupies no better position than the payee. There was

no evidence tending to prove that the plaintiff knew when he pur-chased the note that the consideration therefor had failed. The court charged the jury, in substance, that unless the defendant estab-lished to their satisfaction that the consideration of the note had failed as alleged by the defendant the plaintiff was entitled to a verdict. The jury were also instructed that if they found the con-sideration of the note had failed, then the defendant was entitled to a verdict; if they also found, that the plaintiff knew when he bought the note that it was given for an interest in a patent right, although there was no writing on the face of the note, as required by the statute. The provisions of our statute are similar to the Penn-sylvania statute on the same subject. (See chap. 65, Laws of 1867.)

The plaintiff insists that this act is unconstitutional in its entire scope and meaning and asked the court to so charge the jury, which was refused. The exception to this refusal presents a difficult and interesting question. As this request was wholly disconnected from any other legal proposition, and its application by the jury was not made to depend upon any given state of facts which they might find, it presents, standing alone, a mere abstract proposition, and might be passed without consideration for that reason. But as one of the principal grounds of defense rests upon the provisions of that act, we have concluded to give our views on the question presented by the request. The act is entitled " An act to regulate the execu-tion and transfer of negotiable instruments given for patent rights," and its provisions are as follows : "Whenever any promissory note or other negotiable instrument shall be given, the consideration of which shall consist in whole or in part of the right to make, use or vend any patent, invention or inventions, claimed or represented by the vendor at the time of the sale to be patented, the words 'given for a patent right' shall be prominently and legibly written or printed on the face of such note or instrument above the signature thereto ; and such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder." Then follows the provision that if any person shall take, sell or transfer any promissory note not having such words indorsed thereon, knowing the consideration of such note to be for the sale of an interest in a patent right, he shall be deemed guilty of a misdemeanor.

The plaintiff contends that the object and purpose of the act is repugnant to a provision of the Constitution of the United States, which gives congress the power to " promote the progress of science and the useful arts by securing for limited times, to authors and inventors, the exclusive rights to their writings and discoveries," and also to the several acts of congress enacted for the purpose of carrying into effect this provision, and also regulating the transfers of patents.

Whenever valid letters patent are issued to inventors in pursuance of law, the right thus secured to an exclusive enjoyment of the thing invented is property, in the common acceptation of that term, and may be protected by the national authority, cannot be disputed. Any State law which impairs the right of the inventor to sell or assign his patent, is forbidden by the Federal Constitution, which is, in this respect, the paramount law. Do the provisions of our statute invade any of the rights thus secured to the patentee ? This question is now for the first time presented for adjudication in the courts of this State. The act does not prohibit the sale of a patent right, or of an interest therein, nor does it impose any conditions whatever to be observed by the patentee or his assignee in making such sale and transfer. The provisions of the act relate wholly to the property of the owner of the patent, which is the product or fruit of the sale. The note or other instrument containing a promise to pay money, which the purchaser of an interest in a patent right may give in payment of the right transferred to him, becomes in the hands of the patentee, a separate item of property, distinct and plainly distinguishable from the patent itself. By the terms of such a bargain one species of property is exchanged by the patentee for another. Such is the legal effect of the transaction, and nothing more. The power of congress over the subject does not extend farther than securing to the inventor the exclusive use of his discovery for a limited time. Beyond those limits the States have not surrendered any power over the subject. It may be admitted that the State has not the right to tax the property which one of its citizens may have in letters patent issued to him under the laws of congress. By the exercise of such a power on the part of any State, the exclusive right to the use of the discovery for the period prescribed

by congress might be destroyed, and the protection intended to be secured by the constitutional provision lost. But as soon as the patentee transfers to another all his interest in the letters patent, the money, property or chose in action which he may receive therefor, is the property of the patentee, and may be taxed like other property within the jurisdiction of the State. These views and principles were asserted in *Patterson* v. *Kentucky* (97 U. S. R., 501), and are stated in the opinion of Mr. Justice HARLAN, as follows : " The right of property in the physical substance, which is the fruit of the discovery, is altogether distinct from the right of the discovery itself, just as the property in the instruments or plate by which copies of a map are multiplied is distinct from the copyright of the map itself. The right to sell the Aurora oil was not derived from the letters patent, but it existed and could have been exercised before they were issued, unless it was prohibited by valid legal legislation. All which they primarily secure is the exclusive right in the discovery itself.  *  *  *  Its enjoyment may be secured and protected by national authority against all interference; but the use of the tangible property which comes into existence by the application of the discovery is not beyond the control of State legislation, simply because the patentee acquires a monopoly in his discovery."

Every independent sovereignty possesses the unqualified power to determine the form of all negotiable instruments which may be executed and put in circulation within its territorial limits, and to declare that such instruments in the hands of a *bona fide* holder shall be subject to the same defenses in favor of the maker as they were in the hands of the original payee. The commercial rule on the subject of the negotiability of written instruments as established by the common law, may be changed or modified by the legislature. (*Alvord* v. *Syracuse Savings Bank*, 98 N. Y., 604.)

The question whether a statute is the valid exercise of the legislative power, is to be determined with reference to constitutional restraints and provisions and cannot be declared void by the court because it is deemed unwise or opposed to natural justice and equity. (*Bertholf* v. *O'Reilly*, 74 N. Y., 509.)

The general purpose of the act in question, is, to secure to the maker of a certain class of negotiable instruments in the hands of

*bona fide* holders, such defenses which he may have to its payment, the same as if the original payee had remained the owner and was seeking its enforcement. An indorsee is not affected by the provisions of the act unless the instrument on its face states the consideration for which it was given or he is otherwise informed of the existence of such fact. The courts of Pennsylvania have held that their own statute was constitutional and that none of its provisions interfeared with the just rights of the holder of a valid patent who sells it or any interest in it, by a fair agreement, and that the provision, that the maker may show as against the holder of such note that it was obtained by fraudulent misrepresentation did not impair any right of the patentee secured by the several acts of congress on that subject. (*Haskell* v. *Jones*, 86 Pa., 173 ; *Hunter* v. *Henninger*, 98 Pa. St. R., 373 ; *Tod v. Wick*, 36 Ohio St. R., 370.)

The plaintiff cites and relies upon the decision of the United States Circuit Court in *Woolen* v. *Banker* (reported in 17 Alb. L. J., p. 72), which supports his position, that the act in question is repugnant to the Constitution of the United States and the several acts of congress protecting the rights of inventors. Some of the legal propositions stated by the court in that case, were subsequently distinctly repudiated in the case of *Patterson* v. *Kentucky* (*supra*), and as the learned justice did not attempt by any line of argument, to demonstrate that the State law under consideration interfered with any right of the patentee, we do not regard it as an adjudication which should control our own views of the question and particularly so, when our conclusions are in accord with the decisions of several State tribunals, sustaining the constitutionality of similar State laws. The other legal propositions stated to the jury as applicable to the case, were assented to by the plaintiff as we must conclude, for we find no exceptions to any other portion of the charge or refusal to charge as requested. Exceptions were taken by the plaintiff to the receipt and rejection of evidence, all of which we have examined with care and we fail to discover any error in the several rulings made to the objections interposed.

The judgment should be affirmed, with costs.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment.and order affirmed.