## Hunter & Drennen *versus* Henninger.

1. Where a note is given for the right to make, use or vend a patent right, and has not the words "given for a patent right" written across its face, as required by the Act of April 12th 1872, an innocent purchaser, for value, of the note is not affected by the Act.

2. Where such a note is purchased by one who knew for what it was given, he is affected with notice of any fraud in the transaction.

March 3d 1880.    Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ.    MERCUR and GREEN, JJ., absent.

Error to the Court of Common Pleas, of *Berks county:* Of January Term 1880, No. 100.

Assumpsit by E. A. W. Hunter and W. F. Drennen, trading as Hunter & Drennen, against John Henninger, on a promissory note drawn by defendant to his own order, and endorsed by him.    The note was in the usual form.

At the trial, before Hagenman, P. J., Drennen, one of the plaintiffs, testified that he bought the note, before maturity, for sixty-six cents on the dollar, from James M. Hunter, who was a brother of his partner, but had no connection with the firm ; that the firm were dealers in flour ; did not deal in grindstones, but did in notes. Did not know Henninger when the note was bought, or where he lived, and at that time knew nothing of his circumstances.    The firm furnished the money to discount the note ; knew the note was taken for machinery ; knew of no fraud in the taking of the note, nor that there was any defence.

The defendant offered to show that the note was obtained from him by Hunter, Son & Co., without any consideration, through fraud and misrepresentation ; that he gave the note in suit for certain patented articles, called the Eureka Grinder, including the exclusive right and privilege of vending the same within the township of Bethel, in which the defendant lives, which said patent articles were represented to be of great practical utility and value, but which proved to be valueless and of no account whatever. The note as aforesaid was given upon the express condition and with the positive understanding that the defendant was to pay it off as he sold machines, and that when he sold a machine he was to send the money to the holders, Hunter, Son & Co., and they were to credit the amount upon the back of the note ; and if he (the defendant) should not succeed in disposing of sufficient to pay the note, it was to be given up to him with whatever credits were entered upon it, but that no suit should then be brought upon it, nor should it ever be placed in the hands of any bank or third parties.

Plaintiffs objected, but the court admitted the offer.

The fourth point of the plaintiff and the answer of the court thereto were as follows :

[Hunter *v.* Henninger.]

4. The plaintiffs in this case have shown by uncontradicted testimony that they are bona fide purchasers for value, and before recovery can be defeated, the defendant must prove by clear evidence that the plaintiffs had notice of fraud (if there was fraud), and of such notice there is no evidence.

Ans. "It is for the jury to say whether the evidence shows that the plaintiffs are bona fide purchasers for value. If so, they are entitled to recover. If the plaintiffs are holders for value, before a recovery can be defeated on the ground of fraud, the defendant must show by clear evidence that the plaintiffs had knowledge of the fraud before they purchased the note. The court cannot say there is no evidence of such notice in the case."

In the general charge, the court, inter alia, said:

"From this evidence it is for the jury to determine whether or not Drennen had notice of the fraud practiced on Henninger at the time he purchased this note from James M. Hunter; if he had, plaintiffs cannot recover."

Verdict for defendant, when plaintiffs took this writ, and alleged, inter alia, that the court erred in admitting the above offer of evidence, in the answer to the point, and in the portions of the charge noted.

*H. Willis Bland* and *J. Walker Shortlidge*, for plaintiffs in error.—The offer did not propose to prove fraud in the original procurement of the note; it only offered to show that an unfair advantage was taken of the defendant by the negotiation of the note. This was plainly not admissible: Heist et al. *v.* Hart, 23 P. F. Smith 286. Nor did it propose to show or to follow with proof that the plaintiffs were not innocent holders. Assuming the facts to be true, they are entirely consistent with honesty and good faith, and do not justify the inference sought to be drawn from them: Battles & Webster *v.* Laudenslager, 3 Norris 451. The plaintiffs were holders for value, before maturity, of negotiable paper. The presumption in their favor was that they were bona fide holders without notice, and to affect them with knowledge of such fraud as would defeat a recovery, the evidence should be clear: Battles & Webster *v.* Laudenslager, *supra;* Moorhead *v.* Gilmore, 27 P. F. Smith 122. There was no question of fact that could be said to be in dispute before the jury, and the court erred in the answer to the fourth point.

*J. H. Jacobs,* for defendant in error.—The object of the legislature in passing the Act of April 12th 1872, was to secure, so far as could be done consistently with the rights of innocent third parties, that notice of the consideration should be given to all who should take paper or notes for the sale of patent rights or patented articles. "Nothing is better settled," says Justice SHARSWOOD,

[Hunter v. Henninger.]

in Haskell v. Jones, 5 Norris 173, than that between the original parties to a note for a patent right, it is a good defence to show that the alleged patent is void, and that the consideration has therefore failed. All who take with notice of the consideration take necessarily subject to the same defence." Drennen knew what the note was given for. He knew it had been given for a patent right, and that was sufficient for him to know to defeat his recovery as a bona fide holder.

Mr. Justice GORDON delivered the opinion of court, May 3d 1880.

The Act of 12th April 1872 was intended to destroy the negotiable character of notes given in whole or part for "the right to make, use or vend any patent invention," in order that the makers thereof might have the right to defend, as well when said notes were passed to third parties as when in the hands of the original payees. In furtherance of this intent, the act requires the endorsement, "Given for a patent right," to be made across the face of such notes, and this, in order that no one may ignorantly purchase paper of this kind. Without this, of course, the innocent purchaser for value would not be affected; he would hold as the endorser of any other negotiable paper. Not so, however, as to one knowing the consideration of a note given for a patent right, for such an one is, by the act, guilty of a misdemeanor, if he receives this kind of paper without having the words above stated written upon its face. It follows that if the plaintiffs, through Drennen, received the note in suit, knowing that it was given for the right to vend, or use, these patent grinders, they received it in fraud of the statute, and were, for that reason, not entitled to recover. Whether they had such knowledge or not was, under the evidence, properly submitted to the jury. Under the circumstances of this case, the plaintiffs were left without ground of reasonable complaint, when the court put upon the defendant the burthen of proving that a fraud had been perpetrated upon him by the payees of the note, and that they, the plaintiffs, had notice of such fraud.

The exceptions to the evidence cannot be sustained; first, for the reason that they are based upon the assumption that Hunter & Drennen were bona fide purchasers for value; whereas, if Drennen himself is to be believed, he knew that the note had been given for the right to vend or use a patented article, and, as we have before said, he compromised the good faith of his firm by taking that note without first having it endorsed as required by the statute; and, second, the evidence complained of was proper and pertinent to the issue then being tried. According to the holding of the court, Henninger must first prove that he was defrauded in the giving of the note, and then that the plaintiffs had notice thereof, and this proof must be either direct or circumstantial. Had he failed in

[Hunter *v.* Henninger.]

the latter, then the defendant would have had no case, and so, no doubt, the court would have instructed the jury. That there was an admission of an offer to prove a fraud on the defendant, unaccompanied by an offer to prove notice to the plaintiffs, proved to be, in the end, a harmless error, since, in fact, the requisite evidence to prove notice was introduced during the trial. Enough has already been said to show that the remaining exceptions are without merit.

Judgment affirmed.