# Amrhein et al. *v.* Clausen, Appellant.

*Practice, C. P.—Order of evidence—Discretion.*

The order of admission of testimony is largely within the discretion of the trial judge.

On the trial of an action to recover the price of beer sold to defendant who was steward of a steamboat, plaintiff testified that the beer was sold to defendant, and offered in evidence delivery slips signed sometimes by defendant and sometimes by the purser of the boat. After plaintiff had closed, defendant testified that the beer was bought for, delivered to, and used on the boat. In rebuttal, plaintiff called a witness who testified that defendant had made an express contract with plaintiff, by which he agreed to pay for the beer himself. *Held*, that judgment on verdict for plaintiff would not be reversed because of the admission of the evidence offered in rebuttal.

Argued Jan. 13, 1892. Appeal, No. 144, July T., 1892, by defendant, Samuel Clausen, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1890, No. 701, on verdict for plaintiffs, Lorenz Amrhein et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for goods sold and delivered.

At the trial before BRÉGY, J., George C. Amrhein, one of the plaintiffs, testified that beer was sold to defendant, who was the steward of the steamboat " Richard Stockton." He also offered in evidence various delivery slips, signed sometimes by defendant, and sometimes by the purser of the boat. After plaintiff had closed, defendant testified that the beer was bought for, and delivered, and used on the boat. His testimony was corroborated by other witnesses. Defendant then rested. In rebuttal George C. Amrhein was recalled and testified : " I had a conversation with Clausen in 1890, before the delivery of this beer, as to who was responsible for it. Q. What was the object of the visit there to you ? "

Mr. Rawle objected to this evidence going in at this time, as it should have been part of the testimony in chief. Objection overruled and evidence admitted. Exception.

The court stated that the same exception would extend to this entire line of examination.

Question repeated. " A. To make an arrangement for the beer. Q. What conversation did you have with him at that time ? A. We would serve him all the beer he wanted, but we were not going to trust the boat ; that was all that was said ; whenever I mentioned it to him he said he would be responsible for it. ' I told him we would not trust the boat for the whole season. I told him it was all right, he could have twice or five times the amount. After the failure of the boat, he said, ' You need not be afraid about it; your money is good.' At that interview I did not ask him for payment ; he told me not to collect the dividend on the sale of the boat ; he would take that himself. He never denied he was responsible for the debt."

The court allowed evidence to be given in surrebuttal, saying that, while the case had been improperly presented, the examination would be allowed for the administration of justice.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was ruling on evidence, quoting bill of exception and evidence.

*Francis Rawle,* for appellant, cited : Rahlfing v. Heidrick, 4 Phila. 3 ; Ashby v. Bates, 15 M. & W. 589 ; 2 Best Ev., Morgan's ed., 1071.

*Wm. F. Johnson,* for appellees, not heard.

PER CURIAM, January 30, 1893 : Judgment affirmed.

---

## Mayhew's Estate.    Mayhew's Appeal.

*Decedent's estate—Claim—Finding of auditing judge.*

A claim against a decedent's estate for an unpaid balance of the contract price for erecting a building, and for extra work on the building, was allowed by an auditing judge, where there was evidence that decedent admitted that the account was unsettled, and there were checks and a receipt from which it appeared that a balance was due, and that the extra work was ordered by decedent himself. The finding of the auditing judge was approved by the court below on exceptions, and distribution awarded. *Held,* that the decree should be affirmed.