## I. S. Troxell, Appellant, *v.* C. H. Malin, Nathan Supplee and Wm. C. Bevan.

*Promissory note—Fraud—Failure of consideration—Equities affecting indorsee.*

In a suit on a promissory note brought by the indorsee against the makers, the defense alleged that the note was "given for a patent right," these words having been inadvertently omitted; that the plaintiff had full knowledge of the fact; that the plaintiff was not a bona fide holder for value and that there had been a failure of all consideration. *Held*, that, the evidence being contradictory, the credibility of the witnesses was wholly for the jury and the verdict determines the truthfulness of the defense, and that in making the indorsee a mere accomplice of the payee the defendants could avail themselves of any defense that could have been asserted if the suit had been brought by the payee.

*Evidence—Latitude on allegations of fraud.*

An allegation of fraud opens a wide door to the admission of evidence; every circumstance in the condition and relation of the parties, every act and declaration of the person charged with fraud, is competent evidence, if in the opinion of the judicial mind it bears such a relation to the transaction under investigation as in its nature is calculated to persuade the jury that the allegation of fraud is or is not well founded.

*Promissory note—Omission of words "given for patent right"—Defense against third party.*

If the words "given for a patent right" are omitted from a promissory note by fraud or mistake the note is open to the same defenses in the hands of a third party taking same with notice of the facts as if it were in the hands of the original owner.

*Evidence—Credibility a question for the jury.*

The credibility of a witness is for the jury and they are not bound to

accept his statements because he is unimpeached and uncontradicted by other witnesses.

Argued Nov. 22, 1898. Appeal, No. 75, Oct. T., 1898, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1897, No. 40, on verdict for defendants. Before RICE, P. J., ORLADY, SMITH, W. W PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before HEMPHILL, P. J.

It appears from evidence, which was conflicting, that suit was brought on a promissory note for $600 given by defendants to one Barnard who indorsed same to Troxell, the plaintiff in the case, who claimed to have received it in the usual course of business for value, before maturity and without notice. Evidence was submitted on part of defendant tending to show that the note in suit was one of a series given in purchase of a patent right; that the words, "given for a patent right," were omitted therefrom by mistake; that plaintiff took the note with full knowledge of the circumstances and that he was not a bona fide holder for value but merely a representative of the payee Barnard, and that there had been a total failure of consideration for which the note was given. [On the trial evidence was admitted on behalf of defendant under objection from and exception to the plaintiff as to the agreement made between the payee and the defendant at the time the note was given;] [1] [and as to the omission by mistake of the words "patent right" from the note.] [2, 5]

The defendants submitted the following points, which were affirmed by the court and exceptions granted to plaintiff:

[1. If the jury find that the consideration of the note in suit was a patent right, and shall further find that the plaintiff at the time he took the note had knowledge that such was the consideration of such note, said note not having the words, "Given for a patent right," written or printed thereon, the plaintiff cannot recover, and the verdict must be for the defendants. *Answer:* I have already charged you so in my general charge, and that point is affirmed.] [12]

[2. If the jury find that the consideration for the note in suit was a patent right, and that the plaintiff when he took the same had knowledge that such was the consideration of said note, and shall further find that it was agreed by the payee of said note

when the same was given, that said note should be paid exclusively out of the profits of the business of a corporation proposed to be formed, and to be known as the Barnard Washing Machine Company, and that said corporation failed to be organized and to make profits, so as to pay said note, by the default of D. V. Barnard, the payee of said note, the verdict must be for the defendants. *Answer:* That point is also affirmed.] [13]

The court below, HEMPHILL, P. J., charged the jury in part as follows:

[It (the note) was undoubtedly given for a patent right, and the plaintiff cannot recover if you believe he had knowledge of that fact at the time of the purchase.] [6] . . . .

[The second branch (of the defense) is that Mr. Troxell—they ask you to say from all the evidence in the case, and particularly from the transaction that occurred in Mr. Miller's store on the night of September 1, 1896,—that Mr. Troxell is not a bona fide holder for value of this note, that he is merely standing in the shoes of, and is in reality so far as this transaction is concerned, Mr. Barnard, the payee himself. And if that be true, if you so believe from all the evidence that this plaintiff is but a blind and that the real plaintiff here is Mr. Barnard, the payee of the note, then this note is subject to all the equitable defense that it would be subject to if Mr. Barnard was suing here himself.] [7] . . . .

[Now, the defendants on the other hand ask you to say from these facts: From the fact that the note was never in Mr. Miller's possession but for five or ten minutes at most, as he testified to; that the check was not drawn to him but Mr. Barnard; that Mr. Troxell was not a bona fide purchaser, but that it was really a blind, to recover this money from these parties for the benefit of Mr. Barnard without making it liable to the defense it would be liable to if sued for in his own name.] [8] . . . .

[And the additional defense that is set up is the fact which they ask you to find—and which is not controverted—that the inducing cause for the giving of this note was that Mr. Barnard promised to assist in forming a limited company for the manufacture and sale of these machines, as well as for the purchase of certain territory for their sale, in which they were to be sold, and that he was also to invest in cash in this company as a part

of his contribution, $400, was to give his time and services to the company, and furthermore that he stipulated when these notes were given that he would hold them and would not call for payment or expect them to be paid; that there would be no liability on the part of the drawers of these notes whatever; that, if paid at all, they were to be paid out of the proceeds of the manufacture and sale of these machines, otherwise they were not to be paid at all. Now, I say if you find from the testimony in the case, if it satisfies you, that Mr. Troxell is not a bona fide holder of this note for value, but is merely the representative of Mr. Barnard, then he is liable to have that defense made which could have been made against Mr. Barnard himself, and if you believe that it is sustained, he is not entitled to recover in this action.] [9] . . . .

Plaintiff submitted the following points, which were refused and exceptions granted:

[2. There is no evidence which would warrant the jury in finding that the plaintiff knew there was a defense to the note at the time he purchased it. *Answer:* That point I must disaffirm. There is a question of fact for you to determine—whether there was or was not.] [10]

[3. Under the evidence the verdict must be for the plaintiff. *Answer:* That point is also disaffirmed.] [11]

*Errors assigned* were (1–5) admission of evidence as to the nature of the agreement between the payee of the note and the defendant; and to the admission of evidence as to the omission of the words "patent right" as indicated in the statement of facts. (6–9) To portions of the judge's charge, reciting same. (10, 11) Disaffirmance of plaintiff's points, reciting same. (12, 13) Affirmance of defendants' points, reciting same.

*J. Carroll Hayes* and *Wm. M. Hayes*, with them *I. Newton Wynn*, for appellant.—It is respectfully submitted that the court below erred in permitting the defendants Supplee and Malin to testify that they "supposed" or "believed" that the words "patent right" were written on the note in suit when they signed it: Thomas v. Loose, 114 Pa. 35; Building Assn. v. Hetzel, 103 Pa. 507; Cake v. Bank, 116 Pa. 264.

That a man who, with his eyes open, puts his name to a sol-

emn instrument of writing, can be permitted to nullify or alter its clear import by proof of what he intended to insert into it, to the prejudice of one who parts with money on the faith of the instrument as written, is a proposition that cannot for one moment stand. This would be permitting a man to make capital from his own negligence. As between the original parties even, the fact of a note being signed without reading it would be fatal: Lett v. Kunkle, 178 Pa. 273; Lewis v. Dunlap, 5 Pa. Superior Ct. 625.

The negligence of a maker in issuing a note in such form as to permit tampering with, will render him liable to a bona fide holder: Brown v. Reed, 79 Pa. 370; Zimmerman v. Rote, 75 Pa. 188; Phelan v. Moss, 67 Pa. 59.

The whole case of the defendants, even including the doubtful evidence of plaintiff's admission of notice, comes from their own lips. No chancellor will reform an instrument on the testimony of one party alone; and for this purpose the testimony of the three defendants is regarded as but that of a single witness: Campbell v. Patterson, 95 Pa. 447; Sower v. Weaver, 78 Pa. 443; McClain v. Smith, 158 Pa. 49.

Even as between the original parties to the note, evidence that it was not to be negotiated but was to be paid out of the profits of the business, would constitute no defense.

Such a parol agreement, though made at the time, is inadmissible in evidence to vary the effect of the written contract in the case of negotiable paper: Heist v. Hart, 73 Pa. 286.

Nor could it be set up as a defense that the note was not to be collected, but treated as a mere memorandum: Heil v. GingQinger, 1 Woodw. 259.

The note, therefore, could not be reformed or varied by the testimony here, and a binding verdict should have been directed for plaintiff: Phillips v. Meily, 106 Pa. 536; Ziegler v. McFarland, 147 Pa. 607; Clarke v. Allen, 132 Pa. 40; Mifflin Bank v. Thompson, 144 Pa. 393; Guarantee Co. v. Mayer, 141 Pa. 511; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587.

Affidavits of defense setting forth similar promises on the part of payees, and the subsequent breach thereof, have repeatedly been held insufficient to prevent judgment; and where such facts have appeared in evidence, binding verdicts have been directed for the plaintiff: Bardsley v. Delp, 88 Pa. 420;

Bank v. Fitler, 155 Pa. 210; Hart v. Trust Co., 118 Pa. 565, Lamb v. Burke, 132 Pa. 413.

In order to put the holder upon his proof, the transaction must have been tainted with fraud in its inception. Failure of consideration is not sufficient. This distinction is clearly indicated in Hutchinson v. Boggs, 28 Pa. 294, and Grove v. Hodges, 55 Pa. 504.

The authorities all agree that a mere failure of consideration will not throw the burden on the holder of showing bona fides: Hardware Co. v. Bank, 109 Pa. 245; Dingman v. Amsink, 77 Pa. 114.

The testimony given by the defendant Supplee on being recalled to the stand after both sides had rested, was, we submit, clearly improper.

The observance of the rules of orderly procedure in judicial proceedings are essential to the due administration of law: Water Co. v. Hyndman Borough, 7 Pa. Superior Ct. 191; Arnold v. Pfoutz, 117 Pa. 103.

The latest decisions both in England and in this country have set strongly in favor of the principle that nothing but clear evidence of knowledge or notice, fraud or mala fides, can impeach the prima facie title of a holder of negotiable paper taken before maturity: Goodman v. Harvey, 4 Ad. & El. 870; Goodman v. Simonds, 20 How. 343; Phelan v. Moss, 67 Pa. 59.

It is of the utmost importance to the commerce of the country that it should be sternly adhered to, however hard may be its operation in particular cases: Moorehead v. Gilmore, 77 Pa. 119.

The bona fide holder of a negotiable note for value without notice can recover on it, notwithstanding he took it under circumstances which ought to excite the suspicion of a prudent man: Bank v. Morgan, 165 Pa. 199.

The test of liability is not whether the note was taken under circumstances which would give rise to suspicion, but whether it was taken in good faith: Bank v. Garber, 178 Pa. 91.

In cases arising before the act of 1872 it was held that the holder's knowledge of the note having been given for a patent right would not affect his bona fides: Heist v. Hart, 73 Pa. 286; Bank v. McCoy, 69 Pa. 204; Reeser v. Wanbaugh, 2 W. N C. 145; Epler v. Funk, 8 Pa. 468.

Why should the rule be any different since that act, if the maker fails to take advantage of the protection offered him by the act and omits the required words? This reasoning is supported by Justice SHARSWOOD's holding in Haskell v. Jones, 86 Pa. 173, where he says: "Notes without such words inserted in them remain on the same footing as before the act."

In 1893, the point we contend for was expressly decided by President Judge SIMONTON that a holder with knowledge that the note was given for a patent right, but without knowledge of any fraud in its inception or of a failure of consideration, may yet recover upon it: Kraft v. Gingrich, 2 Dist. Rep. 398.

*Alfred P. Reid* and *W. S. Windle*, of *Butler & Windle*, for appellees.—If the words "patent right" are not written thereon, but the holder takes the note with notice that it was given for a patent right, he is guilty of a "misdemeanor." The act provides, if any person shall "take" any negotiable instrument not having these words written or printed thereon, "knowing the consideration of such note to be in whole or in part a patent right," he shall be deemed guilty of a misdemeanor.

Where a promissory note, not negotiated, was given for the purchase of a patent right, and no notice to that effect was indorsed on the note, held to be illegal and void, and that there could be no recovery thereon: Bowen v. Kemerer, 11 Phila. 557; Graham's Estate, 10 W. N. C. 83; Hunter v. Henninger, 93 Pa. 373; Weaver v. Frantz, 1 Penny. 153.

The plaintiff acquired the note with the full knowledge of the consideration, and in doing so violated the act of April 12, 1872, and therefore had no right to recover. The plaintiff was not a bona fide holder for value.

OPINION BY ORLADY, J., February 17, 1899:

The defendants set up several grounds of defense, the principal ones being, (1) that the note in suit was given in part payment for a patent right, of which fact, the plaintiff had full knowledge at the time he received it; (2) that the plaintiff was not a bona fide holder for value, but was merely allowing the use of his name, for the benefit of the payee; (3) failure of all consideration, in that the inducing cause for giving the note was a promise made by the payee, which had not been in any

manner performed. The integrity of the transaction was successfully attacked, and the jury returned a verdict in the defendants' favor, under a defense which went to the foundation of the plaintiff's right to recover. Proof was adduced to show that the note in suit was one of two notes for $600 each, which had been substituted for another note for $1,200, on which larger note the prescribed words "given for a patent right" were truthfully placed; that in writing the note in suit, the words required by the statute were inadvertently omitted, and that Barnard with full knowledge of this fact, fraudulently arranged with Miller and Troxell to so transfer the note by indorsements, as would prevent the defendants from making any defense to his original fraud. The evidence was very contradictory, and the credibility of the witnesses being wholly for the jury, the verdict determines the truthfulness of the defense. In making Miller and Troxell mere accomplices of Barnard, the defendants could avail themselves of any defense that they could have asserted if the suit had been brought by Barnard. The note did not contain the words "given for a patent right," and if, as contended, these words should have been thereon, they were fully protected by the act of assembly which provides, "such note or instrument, in the hands of any purchaser or holder, shall be subject to the same defenses, as in the hands of the original owner or holder:" Act of April 12, 1872, P. L. 60; Haskell v. Jones, 86 Pa. 173; Hunter v. Henninger, 93 Pa. 373; Weaver v. Frantz, 1 Penny, 153; Horstman v. Zimmerman, 4 Atl. Rep. 171.

An allegation of fraud opens a wide door to the admission of evidence. In Stauffer v. Young, 39 Pa. 455, the reason of the rule was fully and clearly stated; "the meaning of the maxim that great liberality of evidence is to be allowed in the trial of questions of fraud, is that every circumstance in the condition and relation of the parties, and every act and declaration of the person charged with the fraud shall be competent evidence, if in the opinion of the judicial mind it bears such a relation to the transaction under investigation as in its nature is calculated to persuade the jury that the allegation of fraud is or is not well founded:" Glessner v. Patterson, 164 Pa. 224; and, the order in which the testimony is received is largely within the discretion of the trial judge: Amrhein v. Clausin,

155 Pa. 93. The excerpt of the judge's charge covered by the sixth assignment, standing alone, was not a fair submission of a disputed fact, but it represented an incomplete thought and must have been so understood by the jury; and when taken in connection with the sentence immediately preceding and directly associated with it, the vital question in the case was plainly and fairly referred to the jury. The defense went much farther than to attempt to reform the writing, it merged Miller and Troxell into Barnard, and resisted the claim as against him. The contention was that, all that Barnard knew in regard to the note was imparted to Miller and Troxell, who lost their identity as indorsers and were mere go-betweens for the real plaintiff. The verdict does not rest alone on the testimony of the defendants, the manner as well as the subject-matter of the testimony of these two witnesses for the plaintiff, may have aided the defendants' instead of the plaintiff's cause. "The credibility of a witness is for the jury, and they are not bound to accept his statements because he is unimpeached and uncontradicted by other witnesses. He may impeach and contradict himself on the witness stand, or the jury may believe that he is honestly mistaken. His manner, the motive or bias, the inherent improbability of his story or the want of accurate recollection, may discredit his testimony and justify a jury in disregarding it altogether. The question is for the jury and not for the court: Lautner v. Kann, 184 Pa. 334; Com. v. Jongrass, 181 Pa. 172; Coal Co. v. Evans, 176 Pa. 28. The first point submitted by the plaintiff correctly stated the issue, and its affirmance by the court was a proper submission of the case, which was ably and fairly tried, and resulted in a verdict which was fully supported by the evidence. The assignments of error are overruled and the judgment is affirmed.