# Aland *v.* Pyle, Appellant.

*Malicious prosecution — Punitive damages — Evidence as to amount of defendant's estate—Evidence.*

1. In an action for malicious prosecution the defendant may be asked the amount of his estate where the plaintiff's claim includes punitive damages, as such evidence is important in determining the amount of the penalty that will act as a punishment.

*Trial—Order of proof—Discretion of trial judge—Admission of evidence in rebuttal—Practice, C. P.*

2. It is not reversible error to admit evidence in rebuttal which should have been given in chief, since the order of proof is a matter in the discretion of the trial judge.

*Malicious prosecution—Pleading—Plaintiff's statement—Punitive damages.*

3. A statement of claim in an action for malicious prosecution is sufficient to sustain a verdict for punitive damages where the statement, after setting out the circumstances of the plaintiff's arrest and prosecution, avers that the same was done by the defendant "unlawfully, wilfully and maliciously and falsely and against the will of the plaintiff and without any warrant or authority of law and without reasonable or probable cause therefor," and in the conclusion specifically asks vindictive or punitive damages.

*Malicious prosecution—Malice—Advice of counsel.*

4. The mere fact that a prosecution is instituted upon advice of counsel after a fair statement of the facts, is not conclusive evidence of the absence of malice, since it is the innocence of the defendant's conduct and not the advice that rebuts the presumption of malice, and whether the advice is a good defense, depends upon the good faith with which it is sought and followed, which is a question for the jury to determine from the evidence.

Argued Oct. 18, 1918. Appeal, No. 114, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 1722, on verdict for plaintiff in case of G. W. Aland v. Will Pyle. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass for malicious prosecution. Before REID, J.

The defendant's second request for instruction and the answer of the court were as follows:

"If you believe that the action for malicious prosecution was instituted upon advice of legal counsel after a fair statement of the facts as detailed by the defendant and the counsel consulted, this is conclusive of the absence of malice, and your verdict must be for the defendant. Answer: Refused."

Verdict for plaintiff in sum of $2,000.

*Errors assigned* were the judgment of the court, rulings on evidence, answers to points, and refusing defendant's motion for a new trial and motion for judgment n. o. v.

*Joseph R. Conrad,* with him *Wm. A. Hague,* for appellant.—Punitive damages are of a doubtful character at best and should be allowed only in cases where the facts show outrageous conduct or such conduct which ought to be punished as an example to others.

*Harry R. Bunton,* with him *W. D. Grimes,* for appellee.—To be effectual punitive damages may have relation to defendant's financial ability: Spear v. Hiles, 67 Wis. 350.

The jury may give vindictive damage as punishment in an action for malicious prosecution: Baldwin v. Von der Ahe, 184 Pa. 116.

OPINION BY MR. JUSTICE WALLING, January 4, 1919:

This is an action for malicious prosecution. In June, 1916, defendant, being engaged in the haberdashery business in Pittsburgh, employed plaintiff to do some window trimming, on which he was engaged about four and one-half days. Defendant expressed dissatisfaction with the work and discharged plaintiff, offering him a check for $12.50. Thereupon a dispute arose between them; plaintiff contended that he was to be paid at so

much per window, amounting to $54.45, and defendant that he was to pay whatever he thought the work was worth. Thereafter plaintiff sued defendant before an alderman for the $54.45, and on July 6, 1916, while that case was being heard, the defendant had plaintiff arrested on a warrant issued by the same alderman on a charge of obtaining money (the $12.50) by false pretenses, the complaint being that plaintiff had misrepresented his ability and experience as a window trimmer. He was in custody of the constable for two hours, while taken to different places in search of bail which was finally secured. After the hearing of the false pretense case, at which several witnesses were examined, the magistrate discharged the defendant, Aland, who thereupon brought this suit for malicious prosecution. There does not seem to have been any reasonable ground for the false pretense charge and the evidence justified a finding that it was made through improper motives. Plaintiff recovered a verdict and judgment for $2,000, and defendant brought this appeal. We find nothing to justify a reversal of the judgment.

At the trial of this case plaintiff called defendant for cross-examination and was permitted to ask him as to the amount of his estate, which was right, as plaintiff's claim included punitive damages, and in such case a defendant's financial ability may be shown as it helps the jury to determine what amount would be a suitable punishment. "Evidence of the defendant's pecuniary condition is competent when the question of exemplary damages is involved......If the defendant is to be punished, his financial circumstances will be important in determining what will be a sufficiently heavy penalty to act as a punishment": 18 R. C. L. pp. 75, 76. "On the question of punitive damages it is obviously proper that the wealth of the defendant should be considered": 18 Am. & Eng. Enc. of Law (2d Ed.), p. 1097. See also M'Almont v. M'Clelland, 14 S. & R. 359; Jacoby v. Guier, 6 S. & R. 399.

Plaintiff in his case in chief offered no evidence as to being an expert window trimmer, but in rebuttal was permitted to do so in reply to evidence submitted by the defense to the effect that he was not. In our opinion such evidence was properly admitted in rebuttal. In any event the order of proof is a matter in the discretion of the trial judge, and it is not reversible error to admit evidence in rebuttal which should have been given in chief: Amrhein v. Clausen, 155 Pa. 93; Continental Insurance Co. v. Delpeuch, 82 Pa. 225; Finlay v. Stewart, 56 Pa. 183. And no possible harm resulted to defendant as he was permitted to submit evidence in sur rebuttal.

Some of plaintiff's rebuttal evidence, strictly speaking, may have been of a secondary character, but we are spared from deciding that question as the only objection made to its admission was that it was not rebuttal, and therefore no other ground can be urged here: Danley v. Danley, 179 Pa. 170; Benner v. Fire Assn. of Philadelphia, 229 Pa. 75. Aside from that, the exhibits objected to are not before us as they were omitted from the record.

Plaintiff's statement of claim, after setting out the circumstances of his arrest and prosecution, avers that the same was done by the defendant, "unlawfully, wilfully and maliciously and falsely and against the will of the plaintiff and without any warrant or authority of law and without reasonable or probable cause therefor," and in the conclusion specifically asks vindictive or punitive damages. So there is no basis for appellant's contention that the statement was not sufficient to sustain a verdict for such damages.

The fact that a prosecution is instituted upon advice of counsel after a fair statement of the facts is not conclusive evidence of the absence of malice. "It is not the advice, however, that rebuts the presumption of malice, but the innocence of the defendant's conduct, of which his seeking advice is merely evidence; and whether the advice is a good defense depends upon the good faith with which it is sought and followed, and this is a ques-

tion for the jury to determine from the evidence": Smith v. Walter, 125 Pa. 453. Therefore defendant's second point was properly refused.

The assignments of error are overruled and the judgment is affirmed.