## Arye v. Dickstein et al., Appellants.

Argued January 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Irving L. Epstein,* for appellants.

*Carlon M. O'Malley,* with him *John W. Bour,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 25, 1940:

This is an action of trespass to recover damages for a malicious prosecution, really false imprisonment. The jury awarded plaintiff $4,000 as actual damages and $6,000 for punitive damages. The court reduced the former to $1,000 and the latter to $2,500. From the judgment entered for these sums, defendants appeal.

The facts surrounding the matter, briefly stated, are these: Plaintiff, who resided in Philadelphia and was there employed as a salesman and buyer for a business owned by his wife, desired to purchase goods from defendants, who were manufacturers and merchants in Scranton. On one previous occasion he had bought from them and credit had been extended to him. He drove to Scranton in his automobile, met Harris, one of defendants, at their place of business, gave him the order for the desired merchandise, left the store and returned later to obtain it. The purchases amounted to $147. There was conversation between the two men as to the terms of the sale. Plaintiff testified that it was agreed that he should have one day's credit and a discount of 3%, if his bill was so paid. Harris, on the witness stand, denied this and said the sale was for cash. He stated that when plaintiff returned to the store, the goods were placed on a small truck and wheeled to the curb where he, Harris, and an employee of defendants proceeded to load them into plaintiff's automobile. While this was being done, Harris was called into the building to answer a telephone call. He left instructions with his

employee to tell plaintiff to see him, Harris, before departing. While at the telephone, he glanced out to the street and saw plaintiff driving away. Harris called the Scranton police, informed them plaintiff had stolen the goods, was told to inform the State police at their barracks outside Scranton, which he did, and they, in pursuance of his instructions, sent out a description of plaintiff and of the goods and an order for his arrest. This was on September 21, 1936. On September 24, plaintiff was arrested in Philadelphia and incarcerated for several hours and then obtained bail. When he presented himself for a hearing before a magistrate, no one appeared to substantiate the accusation against him and he was discharged. He testified that on the day following his visit to Scranton, September 22nd, in pursuance of what he understood the arrangement was between him and Harris, he mailed a check for the cost of the goods, less the discount, to defendant firm. It was deposited by them in bank on September 24th and was paid. Just when the check reached Scranton and was received by defendants is open to question, whether on September 23rd or 24th.

That Harris had some misgivings about what he had done in ordering plaintiff's arrest is shown by a letter he wrote to plaintiff on September 21st, sending it special delivery, in which he said: "We call your attention that the merchandise which you bought from us this morning on a cash basis has not been paid for. . . . In the event that you left our premises forgetting the same, we are giving you this opportunity and notifying you that we must have a certified check in our possession by return mail. Proper police officials have already been notified on this transaction." Although he had the thought in mind that plaintiff might have had no felonious intent in departing with the goods without paying for them and that his failure to do so was possibly due to forgetfulness, Harris did not countermand his order to the police to place plaintiff under arrest.

Under the foregoing facts, the case was unquestionably for the jury on the question of probable cause and malice, there being a dispute of fact between plaintiff and Harris as to the terms of the sale: *Farneth v. Commercial Credit Co.*, 313 Pa. 433, 169 A. 89; *Altman v. Standard Refrigerator Co.*, 315 Pa. 465, 173 A. 411; *Groda v. American Stores Co.*, 315 Pa. 484, 173 A. 419; *Payne v. East Liberty Spear Co.*, 323 Pa. 100, 185 A. 853.

Argument is advanced by appellant that what took place after plaintiff's arrest does not constitute a favorable termination of the criminal proceedings against him. We are at a loss to understand how there could be a more favorable termination than a discharge by a magistrate upon abandonment by the prosecutor: *Heide v. B. & O. R. R. Co.*, 40 Pa. Superior Ct. 590; *Zimmerman v. Houghwot*, 125 Pa. Superior Ct. 319, 189 A. 519; 38 C. J. 442.

On the question of punitive damages, the court permitted evidence to be offered as to defendants' worth, relying upon the authority of *Aland v. Pyle*, 263 Pa. 254, 106 A. 349, for so doing. Such testimony may be received when in the opinion of the trial judge it is necessary to indicate what in the nature of punishment should be meted out to a defendant for a malicious act, but its reception should be most carefully safeguarded by the judge, so that injustice shall not be done to the defendant. Here, the jury went entirely out of bounds by awarding punitive damages of $6,000. The court partially corrected this by reducing the sum so awarded to $2,500; the award of actual damages was reduced from $4,000 to $1,000. In our judgment, the punitive damages should have been reduced to a like sum and we so diminish them. The judgment is, therefore, reduced to $2,000.

The criticisms of the charge do not merit discussion. Judgment, as reduced, is affirmed.