## Sharp v. Rex

*Russell J. Heiple*, for plaintiff.
*William P. Kelly*, for defendants.

ABOOD, *J.*, January 3, 1980—Plaintiff seeks a copy of a certified balance sheet of defendant which reflects the assets or net worth of defendant for use at trial to prove entitlement to punitive damages in the event the issue of punitive damages goes to the jury.

Plaintiff seeks punitive damages. Defendant resists its revealing its balance sheet until and only if the issue of punitive damages is presented to the jury.

Under Pennsylvania law, if plaintiff presents proper evidence that would justify an instruction to the jury on punitive damages, plaintiff is entitled to know and to present to the jury defendant's financial circumstances to aid them in determining what would be a sufficiently heavy penalty to act as a punishment as regards defendant: Aland v. Pyle, 263 Pa. 254, 106 Atl. 349 (1919).

To wait until the evidence is presented and to then permit the sought-after discovery would create an anachronism in the procedural history of

this case. Punitive damages, at this point, is an issue in the case and it is both logical and fair to allow plaintiff to obtain the balance sheet prior to trial. If the punitive damage question does not go to the jury defendant is not harmed since the only relevance of the balance sheet is to this damage issue.

In addition to the reasons set forth above the court feels that plaintiff's request is further sustained by Pa.R.C.P. 4003.1 which states that "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Based on the pleadings to this point, punitive damages is an issue and the financial status of defendant is relevant.

At the argument on this issue, defense counsel expressed concern about the potential unnecessary invasion of defendant's business privacy in the event the issue did not go to the jury. Both counsel agreed that in the event disclosure was required prior to trial that same be held in confidence by plaintiff's counsel and his expert accountant who would examine the balance sheet in preparation for testifying at trial. The court appreciates the concern shown by both counsel and recommends that this suggestion be followed.

Accordingly the following order is entered.

### ORDER

And now, January 3, 1980, the motion by plaintiff directed to defendant, McIlwain School Bus Line, Inc., to require production of its current balance sheet is hereby granted and defendant, McIlwain School Bus Line, Inc., is directed to provide plaintiff's counsel with a copy of same within seven days from receipt of a copy of this order.