**Peterman v. Geisinger Medical Center (No. 2)**

*Samuel D. Clapper*, for plaintiffs.
*James K. Thomas*, for defendants.

MYERS, *P.J.*, February 13, 1980—Plaintiffs have filed three motions to compel discovery under Pa.R.C.P. 4019. These motions seek: (1) the pro-

duction of the x-rays and x-ray reports of the individual whose x-ray report was allegedly erroneously entered in the hospital records under the name of plaintiff, Robert Peterman; (2) information concerning the financial status of defendants; and (3) a general request for all discoverable documents relating to the condition, treatment, and claim of plaintiff, Robert Peterman.

Defendants oppose motions (1) and (2). In addition, defendants have asked the court to determine whether several memoranda are discoverable under motion (3). These matters are now ready for disposition by the court.

1

Defendants assert that the x-rays and x-ray report of the other patient are confidential and privileged, and that this patient's privacy will be infringed, if discovery of the x-rays is permitted. Also, defendants contend that the other patient's x-rays are irrelevant. According to defendants, there was no mix-up in the two x-ray reports; rather, because of a mechanical error, the other patient's report was typed on both her own x-rays and also plaintiff, Robert Peterman's. Hence, defendants argue that no useful purpose would be served by production of the x-rays and x-ray report of the disinterested person.

However, plaintiffs should not be required to rely upon defendants' assertion as to the cause of the mistaken surgery. Plaintiffs should be permitted to examine the two x-rays to determine whether in fact the same report was dictated twice. Furthermore, the confidentiality of the other patient can easily be protected simply by the deletion of her name from the x-rays and x-ray reports.

Accordingly, we direct that plaintiffs be given copies of the x-rays and x-ray reports of the other patient, with the patient's name deleted.

2

We also conclude that plaintiffs are entitled to discovery of defendants' financial affairs, since these matters are relevant on the issue of punitive damages. According to section 908, comment e, Restatement, 2d, Torts, "[t]he wealth of the defendant is . . . relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting from a judgment is to some extent in proportion to the means of the guilty person." See also Aland v. Pyle, 263 Pa. 254, 106 Atl. 349 (1919).

Defendants assert that inquiries into defendants' financial condition are premature. We disagree.

Defendants cite a number of trial court decisions in which pre-trial discovery of financial information was either denied or curtailed. These cases do not, however, establish any uniformly coherent standard or rationale.

Several of these cases indicate the trial court's reluctance to permit such discovery in the absence of specific and detailed averments establishing a foundation for punitive damages in an attempt to shield the defendants from harassment and invasion of privacy. See, e.g., Pater v. Tomsic, 57 D. & C. 2d 340 (1972); King v. Logue, 9 D. & C. 3d 137 (1978). Several of the cases also denied discovery because the trial courts incorrectly concluded that financial worth could never be admitted at trial on the issue of punitive damages. See, e.g., Havey v. Brobeck, 73 D. & C. 2d 483 (1975).

However, the decision in Aland v. Pyle, supra, and section 908 of the Restatement, 2d, Torts, both unequivocally indicate that evidence of financial worth is admissible in Pennsylvania. Further, in the present case, there is a sufficient averment of facts in the complaint to make it reasonably likely that punitive damages will be an issue at trial. In addition, the discovery proceedings in this case are essentially complete, and plaintiffs' request is by no means "premature." Under such circumstances we conclude that discovery should be permitted.

3

Defendants have submitted to the court a number of documents for in camera review, so that the court may determine whether they are discoverable. After inspecting these documents, we conclude that all of them are discoverable, subject to the condition that the name of the other patient be deleted.

ORDER

And now, February 13, 1980, plaintiffs' motions to compel discovery are hereby granted, and defendants are directed to produce forthwith the requested materials, subject to the condition that the names of any patients other than plaintiff, Robert E. Peterman, be removed from said materials before they are turned over to plaintiffs.