## Merrifield v. Gavern

*Terrence V. Gallagher,* for plaintiff.
*Charles A. Shaffer,* for defendant.

MUNLEY, *J.,* April 29, 1991—Before the court is the motion for a protective order of defendants Falcon Oil Co. Inc. and CPI Trucking Co. Inc., pursuant to Pa.R.C.P. 4012. Plaintiff, through pretrial discovery, seeks to discover detailed information as to defendant's financial worth in order to aid

in the preparation of the punitive damages aspect of her case. Defendants contend that the financial statements which plaintiff requests be produced, pursuant to Pa. R.C.P. 4007.1, are privileged, and disclosure of such information and records will constitute unreasonable annoyance, embarrassment, oppression, burden and expense. Defendant further contends that the financial records are irrelevant to the instant case.

A party moving for a protective order bears the burden of establishing the objectionable nature of the discovery he is withholding. 6 Standard Pa. Practice 2d §34:35. A party objecting to discovery has not sustained his burden with a showing of mere annoyance, oppression or expense as unreasonable. *Knappenberger v. Feldman,* 6 D.&C. 2d 728 (1956). In accord, *Klein v. Commonwealth,* 9 D.&C. 2d 792 (1956); *Miller v. Bethlehem Steel Corp.,* 56 D.&C. 2d 269 (1972); *Lynn Engineering & Mfg. Co. v. Achey,* 73 D.&C. 2d 129 (1976); *Provident National Bank v. Soltoff,* 1 D.&C. 3d 600 (1977). This court is prompt to say that it will not deprive plaintiff of the right of discovery in this case on the grounds of mere annoyance. "So far as annoyance is concerned, litigants must reconcile themselves to the fact that under the rules every inquiry carries with it some degree of annoyance, and unless unreasonable, must be accepted." *Klein* at 794. The court finds no unreasonable annoyance involved here.

Most court authorities require disclosure, on the question of whether pursuant to a claim for punitive damages a court shall compel the disclosure of a party's financial status during the discovery stage of the proceedings. *King v. Logue,* 9 D.&C. 3d 137 (1978) (financial worth is proper subject of discovery in a suit seeking punitive damages); *Sharp v. Rex,* 13

D.&C. 3d 157 (1980) (defendant required to provide plaintiff with certified balance sheet); *Peterman v. Geisinger Medical Center,* 13 D.&C. 3d 153 (1980) (discovery of defendant's financial status permitted where complaint sufficiently avers facts to make it likely that punitive damages will be an issue at trial); *Judson v. Tracey,* 25 D.&C. 2d 97 (1961), and *Shor v. Redden,* 33 D.&C. 2d 179 (1964) (permitted discovery of the defendant's financial status). Additionally, authorities in other jurisdictions hold that the defendant's financial status is a proper subject of pretrial discovery where a plaintiff seeks to recover punitive damages. See 27 ALR 3d 1375; compare *Thoresen v. Superior Court of Maricopa County,* 11 Ariz. 62, 461 P.2d 706 (1969); *Hodges v. Youmans,* 129 Ga. App. 481, 200 S.E.2d 157 (1973); *Kubatzky v. Holt,* 483 S.W.2d 799 (Mo. App. 1972); *Coy v. Superior Court of Contra Costa County,* 58 Cal. 2d 210, 373 P.2d 457 (1962); *Lewis v. Moody,* 195 So. 2d 260 (Fla. App. 1967).

Defendant's objection that information sought by plaintiff is irrelevant is without merit because disclosure of general information as to a party's financial status is necessary to permit an opposing party who seeks punitive damages to evaluate and present her claim. In the matter sub judice, the complaint contains specific factual averments which, if true, would warrant the submission of the punitive damages claim to the jury. In assessing punitive damages in any amount the defendant's financial worth is relevant to determine what amount would be a suitable punishment. *Aland v. Pyle,* 263 Pa. 254, 106 A. 349 (1919).

For the foregoing reasons, we deny defendant's motion for a protective order and we will enter an

order requiring defendants to provide the financial information plaintiff requests.

## ORDER

Now, April 29, 1991, defendants' request for a protective order pursuant to the provisions of the Pa.R.C.P. 4012 is denied. It is hereby ordered that defendants shall within 20 days produce the following: financial statements for the last five years, corporate tax returns for the last five years, and make available all ledgers and journals for the last five years, without prejudice to plaintiff to seek more detailed financial information as to defendants' financial worth at a later date upon cause shown.

## AMENDED ORDER

Now, this May 1, 1991, having issued a memorandum and order in the above matter on April 29, 1991, we hereby amend that order to provide that all matters furnished are to be confidential and privileged, and may only be disclosed to the counsel for the plaintiff, and to no other person, until such time, if ever, as they are introduced into evidence at the trial of this case.