Randall *v.* Fenton Storage Company, Appellant.

Randall *v.* Seligman, Appellant.

Argued October 29, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Raymond A. White, Jr.,* for appellants.

*Robert W. Greenfield,* and with him *Romain C. Hassrick,* for appellee.

Opinion by Parker, J., March 13, 1935:

The plaintiff, Margaret Randall, obtained judgments against Fenton Storage Company and Milton B. Seligman in an action to recover damages for malicious prosecution, and both defendants have appealed. The assignments of error all complain of the refusal of motions for judgment n. o. v. and the entry of judgments for plaintiff. These assignments raise the sole question involved, which is whether the evidence was sufficient to support the verdicts.

It is not disputed that Margaret Randall and her mother, Mary Finn, secured from the Fenton Storage Company some second hand household goods on a bailment lease which called for a total rental of $103.67, of which $40 was paid when the lease was executed and the balance was to be paid at the rate of $20 per month. The lessees agreed "not to remove the property from his or her premises without the consent in writing of the lessors." They failed to pay the install-

ments due but paid, in all, $70. Thereafter Milton B. Seligman, acting for his co-defendant, the corporation, made an information against Margaret Randall for violation of the Fraudulent Conversion Act of 1917. After a preliminary hearing before a magistrate, she was bound over to court and, being unable to furnish bail, was incarcerated in jail for eight days. She was then called for trial in the quarter sessions court and acquitted.

To sustain an action for malicious prosecution, the burden of proof is on the plaintiff to establish three elements: (a) termination in the plaintiff's favor of the criminal proceeding on which the prosecution is based, (b) want of probable cause, and (c) malice; and the mere fact of the acquittal of the defendant in the criminal charge is not prima facie evidence of the want of probable cause: Altman v. Standard Refrig. Co., 315 Pa. 465, 477, 173 A. 411. As the first element is not in dispute, our inquiry is as to the sufficiency of the evidence to show want of probable cause and malice. The plaintiff sought to sustain this burden by her own testimony, with some corroboration, to the effect that the goods were not withheld or converted and were never out of her possession in her house; that the defendant Seligman knew that fact; and that the criminal prosecution was resorted to solely for the purpose of collecting the balance due under the written lease.

Mrs. Randall testified that her mother and she took the bailed property to their home, that they moved several times, taking the property with them; that she became in arrears in her payments but paid on account as she could; that she sent some small payments to the lessor which it refused to accept; and that Seligman in that connection demanded "the full payment" and when she was unable to comply with his request, said: "You will answer to the sheriff." Ten days after this conversation, a warrant was brought to her

by her mother naming both of the women and requiring them to appear before a magistrate. That same day she went to the magistrate's office and met Mr. Seligman where, after a private conversation between Seligman and the magistrate, she was told that she could "sign my [her] own bail for a few weeks, in order to see if I [she] could get the payment for him." In the meantime plaintiff lost her position, was unable to pay the full balance, and about three months later was notified to appear again before the magistrate for further hearing. She further testified that Seligman then refused to give her more time and insisted on the case being taken to court. She was then bound over to court and sent to Moyamensing prison where she remained for eight days until trial and acquittal. There was also testimony tending to show that the defendants and the magistrate knew where the plaintiff was living and that she told them where the goods were. She was corroborated by her mother as to the location of the goods and, to some extent, as to the defendants' knowledge of that fact. She was corroborated by a cousin, Ann Pupos, who was present at the first hearing, as to her statement that Seligman made a demand for his money at that hearing before the magistrate and that that was the purport of the entire conversation between Seligman and Mrs. Randall at that time.

The criminal offense with which the plaintiff was charged was fraudulent conversion of the leased goods of the Fenton Storage Company, in violation of the Act of May 18, 1917, P. L. 241 (18 PS 2486). The defendants, in justification of the institution of the criminal prosecution and in answer to the charges of the plaintiff, depended upon the fact that the goods were moved by plaintiff in this action without the written consent of the Fenton Storage Company, and the testimony of the defendant Seligman and the magis-

trate that Mrs. Randall had said that she had disposed of the goods.

As was said by the Supreme Court in Taylor v. Am. I. Shipbuilding Corp., 275 Pa. 229, 230, 119 A. 130: "Prosecutions are presumed to have been properly instituted, and, to sustain an action for malicious prosecution, malice and want of probable cause must be proved by the plaintiff: McCarthy v. DeArmit, 99 Pa. 63, 69; Beihofer v. Loeffert, 159 Pa. 374, 376; Robitzek v. Daum, 220 Pa. 61, 63. Probable cause is a reasonable belief in known or reported circumstances, sufficiently inculpatory, and adequate to justify a prudent man in acting as prosecutor of a crime against the accused. It does not depend on guilt, or the actual existence of the reported facts, but is based on an honest and reasonable belief in their existence." However, "nothing is better established than that a criminal prosecution brought for the purpose of collecting a debt is prima facie evidence of a want of probable cause and of malice, and will support an action for malicious prosecution, shifting to the defendant the burden ordinarily on the plaintiff: MacDonald v. Schroeder, 214 Pa. 411; Schofield v. Ferrers, 47 Pa. 194; Shields v. Patterson, supra; Edwards v. Stull, 82 Pa. Superior Ct. 456": Farneth v. Commercial Credit Co., 313 Pa. 433, 441, 169 A. 89. The very matter in issue was the knowledge possessed by Seligman for his own guidance and that of his company, the Fenton Storage Company, and their good faith in making the information. In other words, if the plaintiff told Seligman at the hearing that she had disposed of the goods, it would have been an end to this case, but this she categorically denied on cross-examination. "It is exclusively for the jury to pass on testimony, but the court must say, as a matter of law, whether the facts proven show probable cause. Generally, it is a mixed question of law and fact, and,

where the facts are in dispute, they must be submitted to the jury, who should be instructed as to what facts constitute probable cause'': Taylor v. Am. I. Shipbuilding Corp., supra, p. 231. Also, see Nanty-Glo Boro. v. Amer. Surety Co., 309 Pa. 236, 163 A. 523.

We are also of the opinion that it could not be said as a matter of law that because Margaret Randall changed her living quarters and took the bailed goods with her, such fact would of itself constitute a conversion or justify Seligman in believing there had been a conversion. It certainly was the intention of the parties that the goods should be used, and the written lease did not provide that they should not be removed from any particular premises. The change of the location of the goods, considered in the light of other facts, was, however, a proper matter for the consideration of the jury. A careful reading of the testimony several times convinces us that when the testimony is viewed, as we are required to do, in a light most favorable to the plaintiff and all reasonable inferences are drawn in her favor, a question for the jury was presented. It was for the jury to say whether the defendant Seligman, acting for himself and the corporation, was justified in believing that the plaintiff had fraudulently withheld, converted, or applied this property to her own use, and it was likewise for them to determine whether the criminal prosecution was not instituted for the primary purpose of collecting a debt.

The defendants further urge that they are protected by the fact that before bringing the criminal action they were advised by counsel, to whom they disclosed the facts, that it would be proper for them to proceed in the criminal court. ''The fact that a prosecution is instituted upon advice of counsel after a fair statement of the facts is not conclusive evidence of the absence of malice. 'It is not the advice, however, that

rebuts the presumption of malice, but the innocence of the defendant's conduct, of which his seeking advice is merely evidence; and whether the advice is a good defense depends upon the good faith with which it is sought and followed, and this is a question for the jury to determine from the evidence': Smith v. Walter, 125 Pa. 453'': Aland v. Pyle, 263 Pa. 254, 257, 106 A. 349. Also, see Groda v. Amer. Stores Co., 315 Pa. 484, 493, 173 A. 419. "In itself, this is not a complete defense. It must further be shown that a full disclosure of the facts was made and that good faith was exercised in seeking the advice": Farneth v. Commercial Credit Co., supra, p. 441.

The counsel who was consulted by Seligman was called as a witness by the defendants and testified that Mr. Seligman gave him the same history of the case as Seligman gave on the trial and that he advised the criminal action as proper and prepared the information. Again, it was for the jury to determine whether Seligman "fully and fairly submitted to his counsel all the facts."

If we were the fact-finding body the argument of the able counsel who prosecuted this appeal would have been very persuasive, but we are convinced that the questions of probable cause and malice upon the part of the defendants were properly submitted to the jury.

Judgments affirmed.