## Painter, Appellant, v. Roth et al.

Argued May 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles G. Notari,* with him *Robert H. Braun, Jr.,* of *Marshall, Braun & Notari,* for appellant.

*John A. Metz,* with him *Benjamin H. Cooper* and *John A. Metz, Jr.,* for appellees.

OPINION BY RHODES, J., July 18, 1935:

The plaintiff, Walter L. Painter, brought an action to recover damages for malicious prosecution against Samuel Roth and David J. Bonwit, co-partners doing business as Palace Credit Clothing Company, and William Alberts. The jury found for the plaintiff against all the defendants. The court below granted motion of Samuel Roth and David J. Bonwit, co-partners doing business as Palace Credit Clothing Company, two of the defendants, for judgment n. o. v. The plaintiff appeals, and assigns as error the granting of said defendants' motion for judgment n. o. v. The assignment raises but a single question, which is whether the evidence was sufficient to support the verdict against the two defendants.

On June 8, 1931, one of the defendants, William Alberts, made an information against the plaintiff for the conversion of wearing apparel belonging to the said William Alberts. A warrant was issued on the information; the plaintiff was arrested and committed to jail. The commitment was made out on June 9th, and he was released on June 12th. The prosecution was withdrawn by the prosecutor, William Alberts. Two of the defendants, Samuel Roth and David J. Bonwit,

were engaged in the retail clothing business in Pittsburgh, under the partnership name of Palace Credit Clothing Company.

The plaintiff testified that during the early part of the year 1931, he had some dealings with the Palace Credit Clothing Company; that at various times he made purchases of wearing apparel on installment leases; that he made some payments on account; and that he had returned to the company, in April or May of 1931, such merchandise, as he was unable to pay for it. He further testified as to his arrest, confinement, and release.

Clifford Painter, a brother of the plaintiff, testified that he endeavored to have his brother released on bail, but was unable to furnish it; that on June 10, 1931, he went to the Palace Credit Clothing Store, and talked to a man whom he supposed to be Mr. Bonwit; that he had a conversation with Mr. Grecko, head of the collection. department of that company, in the presence of the other man. His testimony was then as follows: "Q. Tell us what happened there. A. Well, I just talked over about releasing— A. I asked him about releasing my brother, that I couldn't raise the money; and I told him maybe I could raise part of it next day. He wouldn't hear to it; he told me— Q. Who do you mean by 'he'? A. Mr. Grecko. He said I would have to have it all or they would hold him for court. Q. Did Mr. Bonwit take any part in that conversation? A. I believe he did. Q. What did he say? Q. Do you know if he took any part in the conversation? A. He was right there. Q. Did he take part in the conversation? A. Yes, sir. Q. What did he say when the three of you were there? A. Said the same thing. Q. As near as you can remember, what were his words? A. That they were going to hold him for court if we couldn't raise the money. ...... Q. Was Mr. Grecko with you in Mr. Bonwit's office on Thursday? A. Yes, sir. Q.

What conversation did you have with Mr. Bonwit and Mr. Grecko on Thursday? A. Just that I couldn't raise the money, and that I did the best I could; and wanted them to be lenient with him. Q. What did he say about being lenient? Q. What did Mr. Bonwit say about that? A. He said they were going to hold him for court."

Such are the material facts and testimony upon which this action is based.

To sustain this action for malicious prosecution against the defendants, "the burden of proof is on the plaintiff to establish three elements: (a) termination in the plaintiff's favor of the criminal proceeding on which the prosecution is based, (b) want of probable cause, and (c) malice; and the mere fact of the acquittal of the defendant in the criminal charge is not prima facie evidence of the want of probable cause: Altman v. Standard Refrig. Co., 315 Pa. 465, 477, 173 A. 411": Randall v. Fenton Storage Company et al., 117 Pa. Superior Ct. 212, 214, 177 A. 575, 576.

The plaintiff in his statement of claim made the following averment: "(2) Nevertheless, Samuel Roth and David J. Bonwit, two of the defendants, doing business as the Palace Credit Clothing Company on Liberty Avenue, Pittsburgh, Pennsylvania, well knowing the fore-going, on June 8, 1931, through their duly authorized servant and agent, William Alberts, the other defendant, acting with their authority and at their direction in the course of his employment as such in the carrying on of their business, illegally, wickedly, maliciously, wantonly and without any reasonable or probable cause, made an information, which was signed and sworn to by the said William Alberts, before John G. Metz, a Justice of the Peace of Kennedy Township, Allegheny County, Pennsylvania, charging the plaintiff with the crime of larceny by bailee of certain wearing apparel valued at $41.30, and the said Samuel Roth

and David J. Bonwit maliciously, unlawfully and fraudulently made said information to read that the said wearing apparel was the property of the said William Alberts."

In addition to proving (a) termination in the plaintiff's favor of the criminal proceeding on which the prosecution was based, (b) want of probable cause, and (c) malice, the burden was on the plaintiff of proving, as alleged, the agency of William Alberts and that what he did was done in the course of his employment,—that is, within the express or implied authority conferred on him by the other defendants. Shields v. Patterson et al., 97 Pa. Superior Ct. 398. An examination of the testimony shows that no prosecution was brought against the plaintiff by Roth or Bonwit; nor is there any proof, or facts shown from which such an inference may be drawn, that they, or either of them, were the real instigators of the prosecution.

There is no testimony that either of these defendants knew Alberts; that they had anything to do with the instigation of the prosecution, or its discontinuance; that the goods described in the information were the same goods that the plaintiff purchased from these two defendants, and which he says he returned to them; that Alberts was, or ever had been, an employee or agent of Roth and Bonwit; that they, or either of them, knew anything about the plaintiff's arrest; that they sanctioned, authorized, or approved, directly or indirectly, the prosecution against the plaintiff.

The plaintiff did not disclose whether he knew Alberts, or whether he ever had any transactions with him. He endeavors to connect the two defendants, Roth and Bonwit, to the prosecution of the plaintiff through the testimony of Clifford Painter, the plaintiff's brother. If the verdict against them is to be sustained, it must be upon the latter's testimony alone. An examination of his testimony, relative to the alleged conversations

with the defendant, Bonwit, convinces us that it is not sufficient to sustain the verdict of the jury against Roth and Bonwit. The witness could not definitely state whether he had talked to Bonwit. He did not mention in the conversations the prosecution instituted by Alberts against the plaintiff. The jury could draw no inference from his testimony that Roth and Bonwit knew of, or participated in, the prosecution of the plaintiff by Alberts, or that they ratified, authorized, aided, or encouraged the arrest and imprisonment of the plaintiff.

The action of the court below in granting defendants' motion for judgment notwithstanding the verdict was correct and proper.

We have carefully examined all of the testimony; and when the testimony is viewed in a light most favorable to the plaintiff and all reasonable inferences are drawn in his favor, we find no question to be presented to the jury in so far as the two defendants, Roth and Bonwit, are concerned.

Assignment of error is overruled.

Judgment is affirmed.