Hubert *v.* Alta Life Insurance Company,
Appellant.

Argued April 14, 1939.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

R. A. *Applegate,* with him *Rose & Eichenauer,* for appellant.

*Benjamin H. Teplitz,* with him *George P. Henning,* for appellee.

OPINION BY CUNNINGHAM, J., June 26, 1939:

This action for malicious prosecution has been tried three times in the court below and once before appealed to this court.

In the former appeal, reported in 130 Pa. Superior Ct. 277, 196 A. 513, the background of the case, including the favorable termination of the criminal proceedings instituted against the plaintiff, a former agent, by the manager of the defendant insurance company upon a charge of embezzlement and fraudulent conversion as an insurance agent, was fully set forth. We there held that the evidence adduced by the plaintiff, Hubert, at the second trial was sufficient to take the case to the jury upon the questions of want of probable cause and malice; the judgment was reversed, with a venire, solely upon the ground that the trial judge erred in charging that if the jury found there was want of probable cause they *must* find the criminal prosecution was malicious.

The third trial resulted in a verdict for $400 in favor of the plaintiff. Upon the present appeal by the company from the judgment entered on that verdict, the assignments relate solely to the refusal by the trial judge of appellant's point for binding instructions and the subsequent denial by the court below of its motion for judgment n. o. v.

In the first place, appellant contends that the evidence at the trial with which we are now concerned differs materially from that considered on the former

appeal, and establishes probable cause for the prosecution as a matter of law for declaration by the court.

The controlling principles on this phase of the case were announced by the present Chief Justice in *Taylor v. American International Shipbuilding Corp.*, 275 Pa. 229, 231, 119 A. 130, as follows: "It is exclusively for the jury to pass on testimony, but the court must say, as a matter of law, whether the facts proven show probable cause. Generally, it is a mixed question of law and fact, and, where the facts are in dispute, they must be submitted to the jury, who should be instructed as to what facts constitute probable cause. But, if all the admitted facts, and the reasonable inferences therefrom, amount to probable cause, the court must so declare, and direct a verdict for defendant."

In this trial, as at the former, it was admitted that Hubert failed, when he left appellant's employ at the end of August 1932, to turn over to it approximately $159 of premiums he had collected. Appellant concedes that at the former trial Hubert's testimony, if believed, showed an agreement with Harvey S. Fouse, the manager of its Pittsburgh office, to the effect that Hubert was to retain the $159 to be applied by him against renewal commissions of approximately $15 per month to which he would be entitled during the ensuing year.

Appellant now contends the evidence on this last trial shows that if any agreement to that effect was made it was made with a Miss Carrie (now Mrs. English), the cashier and bookkeeper in the Pittsburgh office, without any authority on her part, and wholly without the knowledge and consent of Fouse.

A careful review of the record of the last trial, however, discloses testimony from which a jury could reasonably find that Fouse knew of the agreement whereby Hubert was authorized to retain the $159, and gave his assent thereto at the time it was made.

Hubert testified that when he made the agreement with Miss Carrie for the retention of the $159 against

his future renewal commissions, Fouse was present. His testimony on that subject reads: "Q. Was Mr. Fouse there when you explained that? A. Yes. Q. What did he say? A. He didn't say anything. He looked over to her (Miss Carrie) and nodded his head that it was all right." Later, he thus amplified his version of what took place when he had his conversation with the bookkeeper relative to retaining the $159: "Q. Did you have that same conversation or did you not, with Mr. Fouse? A. Mr. Fouse was there and Miss Carrie looked at him and he nodded it was all right, like you do in a conversation, he nodded it was all right. ...... Q. Did you hear him say anything? A. When I had the conversation with her he was writing on his desk and Miss Carrie looked over as if to say, 'Is it all right?' and he nodded his head it was all right and walked away."

Actions may frequently speak as loud, if not louder, than words. Hubert's testimony, if believed, would sustain a finding that when Fouse instituted the criminal proceeding he knew full well that Hubert had not embezzled the money in question but had been authorized to retain it for a legitimate purpose, i. e., knew there was no ground or cause whatever for a criminal prosecution. The positive contradictions of Hubert's testimony by Fouse and the bookkeeper raised an issue of fact which was for the jury.

"But where material facts are in controversy, the question is a mixed one and it becomes the duty of the jury, under proper instructions from the court as to what will justify a criminal prosecution, to say whether the plaintiff in the civil action has shown want of probable cause upon the part of the defendant": *Heisey et ux. v. Vansant,* 126 Pa. Superior Ct. 373, 376, 190 A. 726. What we said in *Payne v. East Liberty Spear Co.,* 132 Pa. Superior Ct. 278, 281, 200 A. 924, is equally applicable here: "It is only where the indisputable facts and the reasonable inferences therefrom amount to probable cause that a trial judge may direct a verdict

for defendant: [citing cases]. The facts here are in dispute."

On the assumption that "plaintiff's own case showed reasonable cause for [the] prosecution," counsel for appellant place emphasis in their brief upon the principle that where probable cause is shown motive is immaterial.

There can be no question about the rules of law applicable to this case. They were thus stated by our Supreme Court in *McClafferty v. Philp,* 151 Pa. 86, 90, 24 A. 1042: "It was incumbent on the plaintiff to show not only that there was want of probable cause for the prosecution, but also that there was malice on the part of the prosecutor. Want of probable cause and malice must concur. While the former is evidence of malice, proper to be submitted to the jury, it does not establish legal malice to be declared by the court. Malice may be inferred from the want of probable cause, *but if there be probable cause, it matters not that the prosecutor was actuated by malice."* (Italics supplied). See also *Werner v. Bowers,* 318 Pa. 518, 521, 178 A. 831.

The trouble with appellant's argument upon this branch of the case is that the assumption upon which it is based is not supported by the testimony.

Finally, appellant relies upon advice of counsel as a complete legal defense to the action. The record shows Fouse consulted Charles P. Lewis, Esq., who, upon such facts as were disclosed to him, advised Fouse the case was a proper one for criminal prosecution. Fouse also stated he had general instructions from the company to prosecute any person who "took money," and that he so informed counsel. Lewis testified Fouse consulted him with relation to the state of Hubert's accounts, showed him the papers, and informed him of the company's general order to prosecute "any agent that was short in his account." His further statement was: "I advised him the facts he showed to me and the papers he showed to me would justify prosecution ......"

This testimony covers substantially everything disclosed upon the record concerning the defense of advice of counsel. The function of such testimony was defined in *Altman v. Standard Refrigerator Co., Inc.*, 315 Pa. 465, 476, 173 A. 411: "The fact of the prosecutor's consulting counsel, and obtaining and acting upon his advice, should be considered rather as tending to rebut malice, than as bearing upon the issue of probable cause: *Brewer v. Jacobs*, 22 Fed. Rep. 217. 'Strictly speaking, taking advice of counsel and acting thereon rebuts the inference of malice arising from the want of probable cause': *McClafferty v. Philp*, [supra]."

Moreover, this defense has well defined limitations; they were thus indicated in the recent case of *Groda v. American Stores Company*, 315 Pa. 484, 493, 173 A. 419: "In *Smith v. Walter*, 125 Pa. 453, 17 A. 466, this court held that a defendant, in an action for malicious prosecution, who pleads advice of counsel, must show that in instituting the prosecution he not only availed himself of the advice of counsel, but that he made a full and fair disclosure of the facts to counsel, and then in good faith followed the advice received. ......
Whether the advice makes out a good defense or not, depends on the good faith with which it is sought and followed. Such good faith is shown by the candor, fullness, and fairness of the client's statement, upon which the advice was based, and its adequacy in those respects, whenever it is disputed, is for the jury to determine upon all the evidence." To the same effect see *Aland v. Pyle*, 263 Pa. 254, 257, 106 A. 349; *Randall v. Fenton Storage Co.*, 117 Pa. Superior Ct. 212, 217, 177 A. 575.

If the jury accepted Hubert's testimony relative to an agreement under which he retained the money, and the verdict indicates they did, they would naturally and properly conclude Fouse had not "made a full and fair disclosure of the facts to counsel."

Our examination of this record has convinced us that

the conflicting testimony thereon appearing raised issues of fact upon every vital question involved which were necessarily for the jury. No complaint is made of the manner in which they were submitted to that tribunal.

Judgment affirmed.