460 A.2d 271

Ronald G. WEISS, Evelyn J. Weiss and Sam Weiss, Inc., Appellants,

v.

EQUIBANK, Edward DeNino and the Borough of Ambridge.

Superior Court of Pennsylvania.

Argued March 16, 1982.

Filed April 22, 1983.

Jay D. Glasser, Pittsburgh, for appellants.

Carol F. Graebner, Pittsburgh, for appellees.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

The order appealed from in this case granted a motion by appellee Equibank for summary judgment, dismissed with prejudice the complaint filed by appellants against appellee Equibank, and dismissed the complaint against appellees DeNino and the Borough of Ambridge, without prejudice should another proceeding [1] end favorably to appellants, but

1. That other proceeding, *Weiss v. Rodio et al.,* at No. 587 of 1978 (C.P. Beaver County) is an appeal from an Ambridge Borough Board of Appeals decision adverse to appellants.

with prejudice should that proceeding end adversely to appellants.

The events giving rise to the complaint whose dismissal is the subject of the instant appeal are as follows. Appellants [Weiss] are owners of a certain property in Ambridge. Weiss conducts a furniture store on the ground floor, and lets the second floor to a residential tenant. In 1976 defendant/appellee Equibank purchased the property adjacent to the Weiss property and at some point offered to purchase the Weiss property also. This offer was refused. After razing the buildings on the property purchased, Equibank arranged for a consulting engineering firm to inspect and evaluate whether the razing of its buildings had damaged the adjacent Weiss building. The engineering firm determined that the Weiss building did not meet the requirements of the Standard Uniform Building Code. On August 13, 1976, at 7:30 p.m., a representative from Equibank and defendant/appellee DeNino, who is the Fire Chief and Building Officer of Ambridge, met at the Weiss property. DeNino closed off the Weiss building, alleging dangerous and hazardous conditions, roped off the sidewalk in front of the building, posted condemnation notices on the building, and directed the upstairs tenant to move.

Weiss appealed DeNino's action to the Ambridge Board of Appeals, which, in March 1978, affirmed DeNino's action. Weiss accordingly took an appeal to the Court of Common Pleas of Beaver County at No. 587 of 1978, *see* note 1 *supra.*

Weiss then commenced action in the instant case by filing a praecipe for a writ of summons in trespass. This praecipe was filed on June 27, 1979. According to the trial court,[2] in Beaver County the practice is (1) to file a praecipe for a writ of summons with the prothonotary and pay the filing fee, (2) to give written directions to the sheriff's office for service of the writ, and (3) to pay the sheriff the costs of service before the writ is served.

---

**2.** *See Weiss v. Equibank et al.,* No. 1203 of 1979, slip op. at 3 (C.P. Beaver County, filed October 22, 1981), describing this procedure.

In this case, however, at the time of filing of the praecipe no directions were given to the sheriff's office and no costs of service were paid. On September 14, 1979, nearly three months later, the writ of summons was reissued, the written directions having been given to the sheriff on September 13, 1979. On September 18, 1979, the service costs were paid. The defendants were served on September 25, 1979. In the brief to this court Weiss explains that the delay was due to an unintended mistake.

The complaint against appellees was filed on December 19, 1979. It is a complaint in trespass. The trial court analogizes it to a chameleon, saying that the claim was originally treated by Weiss as a cause of action in fraud and is now considered a claim for malicious use of process, slip op. at 6.

Treating the claim as one for malicious use of process, the trial court dismissed the complaint against Equibank on the grounds that Equibank was not a party to the appeal proceedings at case no. 587 and is therefore not a proper party in the malicious use of process claim. Treating the complaint as a claim in trespass to land, slip op. at 3, the trial court ruled that the complaint against Equibank was barred by the statute of limitations [3] and the doctrine of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), in which our supreme court ruled that a writ of summons should remain effective to commence an action only if the plaintiff does not stall in its tracks the legal machinery he has set in motion. 469 Pa. at 478, 366 A.2d at 889.

The trial court stated that if Weiss is successful in its appeal at case no. 587 against the Borough of Ambridge Board of Appeals, Weiss may have a cause of action for

**3.** The trial court used the transitional rule of the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 25 [*see* 1976 P.L. at page 814, and 42 Pa.C.S.A. at § 5521 (Purdon 1981)]. The effect of this rule is that since the former statute of limitations for trespass actions was six years, 12 P.S. § 31 (repealed), and the new limitation is two years, 42 Pa.C.S.A. § 5524, in this case the plaintiff had until June 27, 1979 to commence a suit for a claim in trespass which arose on August 13, 1976.

malicious use of process against the Borough and DeNino. Hence the dismissal by the trial court of the complaint against DeNino and the Borough, with prejudice or without, depending on the outcome of case no. 587.

In its brief to this court Weiss raised the proper party issue and the *Lamp v. Heyman* issue. Weiss argues with respect to the trial court's order that although Equibank could not officially participate in the closing of its building by the borough official, Equibank could have participated by initiating the process which resulted in the closing, and thus that Equibank could be party to a claim of malicious use of process or of a conspiracy for malicious use of process.

Weiss then argues that its unintentional conduct and lack of bad faith, resulting in the passing of 83 days before written directions and costs were given to the sheriff, take the situation out of the bar of *Lamp v. Heyman.* Weiss further argues that the *Lamp v. Heyman* bar is not an inflexible rule but requires a case-by-case analysis.

Equibank argues in response that the dismissal as to it was correct because the Weiss complaint does not allege a cause of action against Equibank for malicious use of process, since the complaint does not aver the elements of such a cause of action.

Equibank also argues that the rule of *Lamp v. Heyman* does not allow for a distinction between negligent and intentional conduct, but applies quite simply where the plaintiff does not carry out his responsibility to do all that is required of him.

Ambridge and DeNino assert in their brief that the statute of limitations for an action in trespass to real property, and the rule of *Lamp v. Heyman,* bar the complaint, which they characterize, without argument, as a cause of action to deprive Weiss of the use of their building and to obstruct Weiss' business operations.

In an attempt to spin a golden thread from this pile of straw we shall sift through what the complaint consists of,

what the trial court in its opinion extracted from the pleadings, and what appellants now argue to us. First we must emphasize the rule as to the granting of a motion for summary judgment.

Pennsylvania Rule of Civil Procedure 1035 provides that summary judgment is to be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding whether this burden has been satisfied, the court must examine the record in the light most favorable to the non-moving party. *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 376 A.2d 247 (1977); *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968). The court is not to resolve any genuine issue of material fact; its sole responsibility is to determine whether such an issue exists. Moreover, the court should enter summary judgment only when the case is clear and free from doubt. *Amabile v. Auto Kleen Car Wash, supra; McFadden v. American Oil Co.*, 215 Pa.Super. 44, 257 A.2d 283 (1969).

*Tom Morello Construction Co. v. Bridgeport Federal Savings and Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 749–50 (1980), *petition for allowance of appeal denied* December 31, 1980.

In granting Equibank's motion for summary judgment the trial court decided that Equibank was entitled to judgment as a matter of law because (1) the action against Equibank was barred by the passing of time and (2) Equibank would not be a proper party to an action for malicious use of process once such an action were to accrue.

The complaint contains essentially the following allegations: that Equibank desired to purchase the Weiss property and made an offer which was refused; that Equibank

representatives and DeNino met at the Weiss property after the close of business; that DeNino, alleging dangerous conditions, roped off and attached handwritten notices to the Weiss building without notice to Weiss; that Weiss believes such action to have been undertaken pursuant to a conspiracy between DeNino and Equibank to induce Weiss to sell the building to Equibank at Equibank's price; that the defendants conspired to injure Weiss' business and to compel them to sell to Equibank; that the defendants conspired to effect their purpose by closing down the Weiss building; that the building was not in a dangerous condition; and that Weiss has lost money due to the loss of business, of customers and of its position in the community, together with the expense of appealing the Borough's action; and that it was the "unlawful and malicious" actions of the defendants which caused injury to Weiss.

■■■ Pennsylvania Rule of Civil Procedure 1019(a) provides that the "material facts on which a cause of action ... is based shall be stated in a concise and summary form." This has been interpreted to mean that the complaint must apprise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence. *Laursen v. General Hospital of Monroe County,* 259 Pa.Super. 150, 393 A.2d 761 (1978), *rev'd on other grounds,* 494 Pa. 238, 431 A.2d 237 (1981). Furthermore, a plaintiff is not obliged to identify the legal theory underlying his complaint, as the burden of discovering such is on the court. *DelConte v. Stefonick,* 268 Pa.Super. 572, 408 A.2d 1151 (1979).

The Weiss complaint in effect attempts to give notice of an alleged conspiracy between the defendants to have the Weiss building officially closed down and thereby to damage the Weiss business. This would appear to be, then, if the complaint is sufficient, which we do not here decide, a

cause of action alleging malicious use of process,[4] injury to the plaintiffs' business,[5] and a conspiracy to maliciously use process and/or to injure the business.

With respect to the cause of action for injury to the Weiss business, the issue presented to us is the *Lamp v. Heyman* issue. This issue arises because of the delay by Weiss in setting in motion the procedure necessary to spark service of the writ of summons. *See* pages 2–3 *supra.*

Appellants argue that their situation does not fall within the *Lamp v. Heyman* proscription because (1) they did not act intentionally or in bad faith and (2) the supreme court in *Lamp* did not specify that the procedure for service had to be under way within *thirty days* of the filing.

We do not accept this argument. The supreme court ruled in *Lamp* that plaintiffs are to carry out *promptly* their responsibilities with respect to arranging for service. The supreme court's exact words were:

> Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Other-

---

**4.** This common law tort has been codified, with some modification, by the Act of December 19, 1980, P.L. 1296, No. 232, § 1; 42 Pa.C.S.A. §§ 8351–8354 (Purdon Pamp.1982).

**5.** The tort of malicious interference with business has been specifically defined by the Restatement (Second) of Torts (1979). *See, e.g.,* § 766.B—Intentional Interference with Prospective Contractual Relation. *See Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 207–08, 412 A.2d 466, 470–71 (1979).

wise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service. Cf. Pa.R.C.P. 1009. *Lamp v. Heyman*, 469 Pa. at 478–79, 366 A.2d at 889.

 First, neglecting to pay the sheriff's fee was one of the examples given by the supreme court, 469 Pa. at 472, 366 A.2d at 886, of methods used by plaintiffs to delay service of the writ. Second, simple neglect or mistake is an example of failing to fulfill the responsibility on plaintiff or his counsel to see to it that the requirements for service are carried out. *See Delphus v. Kastanek*, 267 Pa.Super. 26, 405 A.2d 1285 (1979). *Compare Pannill v. Seahorne*, 278 Pa.Super. 562, 420 A.2d 684 (1980). Untoward circumstances, such as a third person preventing delivery to the sheriff of the writ, may except a plaintiff from the rule of *Lamp*, see, *e.g., Sweet v. Ayres*, 277 Pa.Super. 236, 419 A.2d 749 (1980), but the facts of this case do not warrant such an exception. We affirm the dismissal by the trial court of a claim against all the defendants for injury to the Weiss business, or as the trial court characterized it, for trespass to real property, on the grounds that by neglecting to do promptly what was necessary to ensure service of the writ, the plaintiffs are barred by the *Lamp v. Heyman* rule.

 We now turn to the action for malicious use of process.[6] Former Chief Judge Biggs of the United States Court of Appeals for the Third Circuit has defined the common law of Pennsylvania as to this tort:

> The Pennsylvania decisions have drawn a distinction between actions for malicious use of process and actions for malicious abuse of process. The prime distinction between the two torts is that in actions for malicious use of process the original issuance of process cannot be justified on the facts, but the process is used in the manner in which the law contemplated its use. If the plaintiff has no cause of action against the defendant but nonetheless maliciously brings suit against him, the action is a malicious use of process. In actions for malicious abuse of

---

**6.** *See* note 4 *supra.*

process the original issuance of the process was justified but the process itself was put to an illegal use. If the plaintiff sues the defendant on a valid cause of action but brings the suit, for example, not to collect his just debt but for a collateral purpose such as blackmail the action is a malicious abuse of process. See *Morphy v. Shipley,* 1945, 351 Pa. 425, 41 A.2d 671; *Publix Drug Co. v. Breyer Ice Cream Co.,* 1943, 347 Pa. 346, 32 A.2d 413; *Mayer v. Walter,* 1870, 64 Pa. 283.

*Baird v. Aluminum Seal Co.,* 250 F.2d 595, 600 (3d Cir. 1957) (footnotes omitted). Applying these definitions, we are of the opinion that the Weiss claim would concern the initiation of proceedings rather than a perversion of them and therefore the action would indeed be based on a malicious use of process. The elements of such an action, at common law, are that the legal process was used with malice, that there was a lack of probable cause for the legal process, and that the process terminated in the current plaintiff's favor. *Baird v. Aluminum Seal Co., supra; Morphy v. Shipley,* 351 Pa. 425, 41 A.2d 671 (1945); *Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 32 A.2d 413 (1943); *Casa di Sardi, Inc. v. Alpha Motors, Inc.,* 227 Pa.Super. 415, 323 A.2d 288 (1974). As the process in question has not yet terminated, *see* page 2 *supra,* all parties agree that any cause of action in malicious use of process has not yet accrued.

■ With respect to the lower court's decision that Equibank would not be a proper party in an action for malicious use of process when, or if, such a cause of action should accrue, we do not agree. The lower court gave as its reason, slip op. at 7, that Equibank was not a party to the appeal petition at case no. 587, nor mentioned in the petition to, or in the opinion of, the Board of Appeals. The record of those proceedings is not before us. Before us is the record in the instant case with a complaint alleging that Equibank was involved in the activity leading to the closing of the Weiss building. The closing of the building would be the function of the borough officials. An appeal from the

decision would be to the appropriate public officials. By analogy to the action for malicious prosecution, *see Publix Drug Co., supra,*[7] it would seem that, given the requisite malice and lack of probable cause, an action by a private person which directly causes the process of law to descend on the plaintiff is the actionable wrong which the actions for malicious use of process or malicious prosecution are designed to compensate. We have not been supplied with, nor have we found, case law defining specifically who may be a defendant in such an action. We have seen cases however in malicious prosecution where the defendant was, for example, a corporation whose manager had instituted the criminal prosecution of a former employee on a charge of embezzlement knowing that the employee had been authorized to retain the money in question, *Hubert v. Alta Life Insurance Co.,* 136 Pa.Super. 147, 7 A.2d 98 (1939); neighboring land-owners who caused arrest warrants to be issued against the plaintiffs, charging them with stealing coal, with the purpose of forcing the plaintiffs to give them a coal-stripping lease, *Byers v. Ward,* 368 Pa. 416, 84 A.2d 307 (1951); or a lessor who had made out an information charging the plaintiff with fraudulent conversion when she failed to pay installments due under a bailment lease for second-hand goods, as a result of which she was incarcerated for eight days before being acquitted at trial, *Randall v. Fenton Storage Co.,* 117 Pa.Super. 212, 177 A. 575 (1935). From these cases it would appear that actions can be brought successfully against defendants who have wrongfully caused appropriate officials to ensnare the plaintiff in some form of legal proceeding.

The Restatement (Second) of Torts (1976) defines the torts of malicious prosecution and wrongful use of civil proceedings at sections 653 and 674 respectively. With respect to wrongful use of civil proceedings the Restatement provides:

7. In *Publix,* 347 Pa. at 349, 32 A.2d at 415, the court said "the ... essentials [for an action for malicious arrest] are applicable to an action for malicious use of civil process."

## § 674. General Principle

One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if

(a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and

(b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

Comment:

*a. Meaning of "initiation of proceedings."* The person who initiates civil proceedings is the person who sets the machinery of the law in motion, whether he acts in his own name or in that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person.

Since the term "civil proceedings" includes a counterclaim, one who files a counterclaim to a cause of action initiates a civil proceeding.

*b. Procurement of civil proceedings.* As in the case of criminal proceedings, *one who procures the initiation of civil proceedings is liable under the same conditions as the one who initiates them.* The considerations determining whether there has been a procurement are the same as those determining whether one has procured the institution of criminal proceedings. (See § 653, Comment *f*).[8] (Emphasis added.)

**8.** Section 653, Comment *f*, provides:
> *f. Procuring the institution of criminal proceedings-Inducing private person to initiate criminal proceedings.* It is not necessary to liability under the rules stated in this Section that the defendant personally or through an agent shall have made the formal charge upon which the proceedings were instituted. It is enough that he has induced a third person to make the charge. He cannot, however, be held liable for procuring the institution of criminal proceedings merely because his actions caused a third person to make a formal charge. Thus one who merely encourages or advises a third person to bring proceedings that the third person already has in contem-

Professor Prosser explains the question of the initiation of a malicious prosecution [9] thus:

> The defendant may be liable either for initiating or for continuing a criminal prosecution without probable cause. But he cannot be held responsible unless he takes some active part in instigating or encouraging the prosecution. He is not liable merely because of his approval or silent acquiescence in the acts of another, nor for appearing as a witness against the accused, even though his testimony is perjured, since the necessities of a free trial demand that witnesses are not to be deterred by fear of tort suits, and shall be immune from liability. On the other hand, if he advises or assists another person to begin the proceeding, ratifies it when it is begun in his behalf, or takes any active part in directing or aiding the conduct of the case, he will be responsible. *The question of information laid before prosecuting authorities has arisen in many cases.* If the defendant merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceeding; *but if it is found that this persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.*

W. Prosser, *Handbook of the Law of Torts* § 119 (1971) (footnotes omitted) (emphasis added).

plation, does not thereby procure the institution of the proceedings. If, however, he urges the bringing of proceedings or insists that they be brought by a third person who previously had no intention of doing so, a finding that he procured the institution of the proceedings subsequently brought by the third person may be justified. In *Curley v. Automobile Finance Co.,* 343 Pa. 280, 289, 23 A.2d 48, 52 (1941), our supreme court quoted the earlier version (1938 ed.) of section 653. In *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 235 n. 19, 348 A.2d 734, 739 n. 19 (1975), it quoted the earlier version of section 674.

**9.** *See* note 7 *supra.*

■ We interpret these authorities to indicate that one who thus causes officials to take certain legal action is a proper party defendant in an action for malicious use of process, and the fact that one is not a party to those proceedings is of no significance, provided the requisite elements are satisfied.

As we view the pleadings before us, we cannot say that Equibank is *per se* not a proper party to a possible future lawsuit for malicious use of process.[10] Whether Equibank initiated civil proceedings wrongfully would seem to be a question of fact to be found at a trial. The trial court erred in deciding at this stage that Equibank could not be a party to such another future lawsuit.

We conclude that any cause of action alleged in this complaint, other than that which has not yet accrued, is barred by the statute of limitations and the doctrine of *Lamp v. Heyman.* That portion of the order of the trial court dismissing the within action against defendants Equibank, DeNino and the Borough of Ambridge is therefore affirmed.

That portion of the order which purports to prejudice the plaintiffs' rights to bring an action against Equibank should case no. 587 terminate favorably to the plaintiffs is vacated.

The order of the trial court as so modified is affirmed. Jurisdiction is relinquished.

**10.** We here emphasize that we express no opinion whether the complaint at issue in this case satisfies the Rule 1019(a) requirements for a complaint for a claim in malicious use of process even considering the admitted lack of the requirement that the process maliciously used must have terminated in the plaintiff's favor.