**American Express Centurion v. Decker**

300

*Frederic I. Weinberg,* for plaintiff.
*Laura Robbins,* for defendant.

KISTLER, *J.,* September 17, 2009—Presently before this court are preliminary objections filed by Sarah Decker (defendant) on June 29, 2009. A hearing was scheduled for August 27, 2009, and briefs were submitted by each party. After consideration of parties' briefs, defendant's preliminary objections are sustained.

## DISCUSSION

I. *Preliminary Objection Raising Failure of a Pleading To Conform to Law or Rule of Court—Pa.R.C.P. 1028(a)(2)*

Defendant contends that American Express Centurion's (plaintiff) pleading fails to conform to law or rule of court pursuant to Pa.R.C.P. 1028(a)(2). In particular, defendant argues that plaintiff has failed to attach a signed written contract between the parties as required by Pa.R.C.P. 1019(h) and (i). This court has held in *Capital One Bank v. Spicer* (a copy of which is attached to this opinion and order) that it is expected that plaintiff either attach a copy of the signed agreement that it entered into with defendant or provide an explanation as to why the writing is not accessible to the pleader.

A review of the complaint yields no such agreement. Furthermore, there is no statement in the complaint explaining why a copy of the original agreement was not attached to the complaint. Plaintiff, in its brief in opposition to defendant's motions to dismiss, offers to the court that, due to the silence within the complaint regarding the type of agreement the parties have entered into, the agreement should be considered one of an oral nature therefore removing the requirement that a writing be attached to the complaint. (P. 1-2.) The court cannot believe that in this day and age credit card companies as a matter of business norms and practice enter into a creditor-debtor relationship with customers without the presence of a written agreement.

The agreement between the parties is the basis of the claim, so care must be taken when establishing its authenticity. Plaintiff has failed to provide an explanation of why the original agreement was not attached as required by Pa.R.C.P. 1019(i). Therefore, defendant's preliminary objection is sustained.

## II. *Preliminary Objection Raising Insufficient Specificity in a Pleading—Pa.R.C.P. 1028(a)(3)*

Defendant argues that the plaintiff's complaint fails to conform to Pa.R.C.P 1019(a) in that the material facts of the cause of action are not stated.[1] In particular, de-

---

1. The defendant in both its preliminary objections and brief in support of said objections cites to Pa.R.C.P. 1029(a). However, the associated language cited refers identically to Pa.R.C.P. 1019(a). The court, sua sponte, will consider this a typographical error and consider defendant's objections in light of Pa.R.C.P. 1019(a).

fendant asserts that plaintiff must include a breakdown of charges, payments, items purchased and interest such that defendant can formulate a response or assert a counterclaim. (¶5.) This court recently held in *Capital One Bank v. Spicer* that such a detailed breakdown of charges is not required by law.

The complaint, however, does put the defendant on notice concerning what the plaintiff intends to prove at trial. Paragraph four of the complaint indicates a balance due of $5,498.17 as of May 4, 2009. Paragraph six indicates that the last date defendant made a payment on the account was January 13, 2009. However, the plaintiff has failed to explicitly indicate the date the account became delinquent. The date at which the account became delinquent is a material fact necessary for defendant to prepare her defense. Defendant's preliminary objection alleging insufficient specificity of the pleading is sustained.

### III. Preliminary Objection Pa.R.C.P. 1028(a) for Failure of a Pleading To Conform to Law or Rule of Court

Defendant objects to paragraph six of plaintiff's complaint asking the court to award attorney's fees. The Supreme Court of Pennsylvania has held that "[T]here can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same . . . or clear agreement by the parties . . . or some other established exception . . . ." *Shanks v. Alderson,* 399 Pa. Super. 485, 488, 582 A.2d 883, 885 (1990) (citing *Corace v. Balint,* 418 Pa. 262, 265-67, 210

A.2d 882, 884 (1965)). In section one of this opinion and order, this court determined that plaintiff had failed to attach a copy of the writing that formed the basis of the agreement. As such, this court is constrained to agree with the defendant that there is no agreement presently before this court that would enable recovery of attorney's fees. Defendant's preliminary objection for failure of a pleading to conform to law or rule of court is sustained.

## ORDER

And now, September 17, 2009, defendant's preliminary objections to plaintiff's complaint are hereby sustained.

Plaintiff may file an amended complaint within 20 days of the date of this order.

## ADDENDUM

Capital One Bank (U.S.A.) N.A., Plaintiff
v. James L. Spicer, Defendant

C.P. of Centre County, no. 2009-774.

*Gregg L. Morris,* for plaintiff.
*Carl Mollica,* for defendant.

KISTLER, *J.,* August 6, 2009—Presently before this court are preliminary objections filed by James L. Spicer (defendant). A hearing was scheduled for July 13, 2009, and briefs were submitted by each party. After consider-

ation of parties' briefs and oral argument, defendant's preliminary objections are sustained in part, and overruled in part.

## I. PRELIMINARY OBJECTION RAISING INSUFFICIENT SPECIFICITY IN A PLEADING—Pa.R.C.P. 1028(a)(3)

Defendant contends that plaintiff's pleading is insufficient because it does not contain the signed agreement or a statement explaining why the agreement is not accessible to the pleader pursuant to Pa.R.C.P. 1019(i). A review of the amended complaint shows that plaintiff has attached an unsigned and undated[2] copy of a customer agreement form. There is no statement accompanying the complaint explaining why a copy of the original agreement is not attached to the complaint as required by Pa.R.C.P. 1019. In response, plaintiff argues that pursuant to 12 C.F.R. 202.12, applications need only be retained for 25 months and that it is not required to attach an actual copy of the signed agreement to the complaint. This excuse is entirely insufficient considering the requirements of Pa.R.C.P. 1019 which states:

"(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

"*Note:* If the agreement is in writing, *it must be attached to the pleading.* See subdivision (i) of this rule.

_____

2. The only date contained in the agreement which might provide an indication of the time frame in which this agreement was used is the copyright date contained in the bottom right hand corner of the second page.

"(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, *but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.*"

It is expected that plaintiff either attach a copy of the signed agreement which it entered into with the defendant or provide an explanation as to why the writing is not accessible to the pleader. Pa.R.C.P. 1019 applies to the local dairy farmer who has a dispute with the shipping company he contracted to get his product to the local market, the tenant who disputes a provision of his lease, and yes, even the credit card company which alleges to have not received payment from the card holder who signed a credit card agreement six years ago. The agreement between the parties is the basis of the claim, so great care must be taken when establishing its authenticity. Plaintiff has not provided an explanation of why the agreement was not attached. Therefore, defendant's preliminary objection raising insufficient specificity of the pleading is sustained.

## II. PRELIMINARY OBJECTION RAISING INSUFFICIENT SPECIFICITY IN A PLEADING—Pa.R.C.P. 1028(a)(3)

The defendant claims that the plaintiff's amended complaint violates Pa.R.C.P. 1019(a) in that the material facts of the cause of action were not stated by the plaintiff. The defendant argues that not all of the credit card statements were provided by plaintiff because the

earliest statement provided in the amended complaint shows a previous balance of $1,368.33. Defendant argues that this previous balance proves that there is material information relating to previous statements missing from the amended complaint.

In order for a complaint to be deemed acceptable it must put the defendant on notice of what the plaintiff intends to prove at trial so that the defendant may prepare to rebut such evidence at trial. *Weiss v. Equibank,* 313 Pa. Super. 446, 453, 460 A.2d 271, 274-75 (1983). The documents provided in the amended complaint provide the defendant with notice of what the plaintiff intends to prove at trial. There is no requirement of law that plaintiff must attach each and every statement to a complaint.

Upon review of the documents provided in the amended complaint, the court determines that plaintiff has provided defendant with sufficient material facts in which to prepare his defense. Defendant's preliminary objection raising insufficient specificity in a pleading is overruled.

### III. INSUFFICIENT SPECIFICITY IN A PLEADING: Pa.R.C.P. 1019(f)

In determining sufficiency of the pleadings in a complaint, the court will consider "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006). Defendant contends

that he is entitled to know the dates on which individual transactions were made, the amounts therefore and the items purchased to be able to answer intelligently and determine what items he can admit and what he can contest pursuant to Pa.R.C.P. 1019(f). Pa.R.C.P. 1019(f) states, "Averments of time place and items of special damage shall be specifically pled." Defendant objects to plaintiff's amended complaint because it only contains documentation of expenses from 2006 forward and therefore lacks insufficient specificity and fails to comply with Pa.R.C.P. 1019(f).

The court has reviewed the documents attached to the amended complaint and determines that the pleadings are sufficient to place the defendant on notice of the claims upon which he will have to defend. Plaintiff has attached statements going as far back as 2006. It is immaterial, at least at this stage of the litigation, for defendant to have information regarding all his payments dating back to the opening of the account. Furthermore, the court could find no binding case law which would require the detail of specificity defendant seeks to impose upon defendant's pleading.

Additionally, the court determines that Pa.R.C.P. 1019(f) is an incorrect basis for objection based on the damages alleged in the amended complaint. The damages sought by plaintiff, at least those contained in the missing account statements, are general damages and therefore do not need to be pled with the specificity required by Pa.R.C.P. 1019(f). Moreover, Pa.R.C.P. 1019(f) pertains only to special damages. Special damages are defined as damages which are not usual and ordinary

consequences of wrong done, but depend on special circumstances, may not be proved without averring special facts giving rise thereto. *Parsons Trading Co. v. Dohan,* 312 Pa. 464, 468, 167 A. 310, 312 (1933). Because plaintiff alleges only general damages in the amended complaint, Pa.R.C.P. 1019(f) is inapplicable and therefore the amended complaint is sufficiently specific to survive defendant's preliminary objection. Defendant's preliminary objection is therefore overruled.

## IV. PRELIMINARY OBJECTION RAISING FAILURE OF A PLEADING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED— Pa.R.C.P. 1028(a)(4)

Defendant asserts that plaintiff's claim is not legally sufficient to state a claim upon which relief can be granted. Defendant bases this assertion on the lack of all credit card statements showing the totality of all of the goods alleged to have been sold and delivered. As this court stated above, the amended complaint does not need to have all of the statements for the card and must only put a defendant on notice of what the plaintiff intends to prove at trial to be sufficient. *Weiss v. Equibank,* 313 Pa. Super. 446, 453, 460 A.2d 271, 274-75 (1983). Plaintiff has done this, and it is clear from the amended complaint that plaintiff seeks repayment of the debt allegedly accumulated by the defendant.

Therefore, defendant's preliminary objection raising failure of a pleading to state a claim upon which relief may be granted is overruled.

## V. FAILURE OF A PLEADING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED—Pa.R.C.P. 1028(a)(4)

Upon review of preliminary objections in the nature of a demurrer, a court must accept as true all well-pleaded facts that are material and relevant, as well as any reasonable inferences deducible therefrom. *Werner v. Plater-Zyberk,* 799 A.2d 776 (Pa. Super. 2002). The question presented on demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* Moreover, preliminary objections in the nature of a demurrer which would dismiss a cause of action should only be granted where the case is clear and free from doubt. *Id.* Finally, any doubt at all must be resolved by refusing to grant the demurrer. *Id.*

In this instance, defendant avers that plaintiff has failed to properly plead an account stated cause of action, or in the alternative, that an account stated cause of action is impermissible in an action for debt owed on a delinquent credit card account. An account stated has been defined by our Supreme Court as "an account in writing examined and accepted by both parties. And this acceptance need not be express, but may be implied from circumstances." *Leinbach v. Wolle,* 211 Pa. 629, 61 A. 248 (1905). Here, the amended complaint states that defendant opened an account with plaintiff and maintains accurate books of all credits and debits. The amended complaint further states that defendant has assented to the correctness of the balance in these accounts by making payments. Based on these facts alleged in the complaint, the court determines that plaintiff has properly pleaded an account stated cause of action.

The remaining issue is whether an account stated cause of action is legally permissible in an action to recover unpaid credit card debt. The court has reviewed the bulk of appellate court decisions addressing an account stated cause of action and determines that there is no binding authority which carves out an exception to this cause of action merely because the account at issue derives from a credit card. Indeed, this issue has only been addressed in a handful of court of common pleas decisions which are divided on this very issue, including this county's own court of common pleas. See *Capital One Bank (USA) NA v. Clevenstine,* 2009 WL 1245043 (Pa. Com. Pl. 2009) (Holding that an account stated theory is inappropriate in a credit card case where acquiescence is based on silence); *Citibank (South Dakota) N.A. v. King,* 2007 WL 4967502 (Pa. Com. Pl. 2007) (Holding that a credit card company could plead an account stated when the debtor assents to the account by failing to object to the credit card statement).

In this instance the court is mindful that in order to succeed on preliminary objections in the form of a demurrer, the case must be clear from doubt. A review of pertinent case law on the issue reveals no support for the idea that credit card cases are exempt from an account stated cause of action. Much of the argument in favor of precluding this cause of action from credit card cases focus on the complexity of the terms of the credit agreement and the level of sophistication accompanying the average credit card user. The court believes that these arguments are issues of fact pertaining to the basic elements of this cause of action and therefore should be left

to the fact-finder and therefore not applicable to preliminary objections. As such, the court overrules defendant's preliminary objection.

## ORDER

And now, August 6, 2009, the following shall be the order of the court:

(I) Defendant's first preliminary objection for failure to comply with Pa.R.C.P. 1019(i) is hereby sustained.

(II) Defendant's second preliminary objection for failure to comply with Pa.R.C.P. 1019(a) is hereby overruled.

(III) Defendant's third preliminary objection for failure to comply with Pa.R.C.P. 1019(f) is hereby overruled.

(IV) Defendant's fourth preliminary objection for failure of a pleading to state a claim upon which relief may be granted pursuant to Pa.R.C.P. 1028(a)(4) is hereby overruled.

(V) Defendant's fifth preliminary objection for failure of a pleading to state a claim upon which relief may be granted pursuant to Pa.R.C.P. 1028(a)(4) is hereby overruled.

Plaintiff shall file an amended complaint within 20 days of the date of this order.